## SANDVAL V. FORD & CO. ET AL.

1. **Mechanic's Lien**: RAILROADS: TIME OF FILING CLAIM. A subcontractor on a railroad, to secure a mechanic's lien for work done, must file his claim therefor within sixty days from the last day of the calendar month in which the work was performed, the word "done" in the statute having reference to the time of the performance of the work, and not to the time when the work of the subcontractor is completed, and each month's work, for this purpose, being considered as separate from that of other months.

2. ——: ——: NOTICE. As to notice there is no distinction between railroad and other subcontractors, the former, like the latter, being required to give notice of their claims within thirty days from the completion of their work to prevent payments being made to their principals.

*Appeal from Lucas District Court.*

•

WEDNESDAY, MARCH 23.

ACTION by a subcontractor to enforce a mechanic's lien for work done in grading a portion of a railroad belonging to the defendant, the Chariton, Des Moines & Southern Railway Co. The petition shows that the plaintiff was a subcontractor under the defendants Ford & Co.; that the work for which the lien is claimed was done in the months of September, October and November, 1878; that a verified statement of the work done was filed with the clerk of the District Court January 2, 1879, and on the same day a wrtten notice thereof was given to the railway company. The railway company for answer averred that prior to January 2, 1879, it fully paid the contractors, Ford & Co. To the answer the plaintiff demurred, and the demurrer was sustained. The defendant appeals.

*Stuart Bros.*, for appellant.

*Mitchell & Penick*, for appellee.

ADAMS, CH. J. — The questions presented are: *First*, whether the verified statement was filed soon enough to properly cover any part of the work except that done in. November; and *Second*, whether the failure to give written notice of the filing of a claim within thirty days from the completion of the work is fatal to the plaintiff's claim. In the view which we take of the case it would not be strictly necessary to determine the first question, but as the question has been ably presented by counsel, and as its determination may throw some light upon the second question, we proceed to consider it.

That the verified statement was filed soon enough to properly cover all the work done in November is not disputed. 1. MECHANIC'S The statute provides that where a subcontractor lien: railroads: time of upon a railroad claims a lien for labor, he " shall filing claim. have sixty days from the last day of the month in which such labor was done　　*　　*　　*　　*　　within which to file his claim therefor." As the verified statement in this case was filed within sixty days from the last day of November, it would of course properly cover the work done in November. But the company claims that it was filed too late to properly cover the work done in October and prior thereto, and this constitutes the first point in controversy.

The plaintiff takes the word " done " as used in the statute to mean completed, and contends that the verified statement filed within sixty days from the last day of November properly covers all the work embraced within the job whenever it was performed, having been completed in November. The word *done* is sometimes used in the sense of completed, but it is not, we think, so used in the statute. The natural and obvious meaning appears to us to be that of performed. This view is corroborated by the fact that the provision of the statute, read entire, is that " the subcontractor shall have sixty days from the last day of the month in which such labor was done *or material furnished* within which to file his claim therefor." It is abundantly evident that if the

material is furnished in different months the account cannot be treated as an entirety so as to be necessarily covered by a verified statement filed within sixty days from the last day of the month within which the last item was furnished. But it would be preposterous to suppose that it was intended to make one rule for material furnished and another for labor done. Hence we conclude that the material furnished each · month and labor done each month are to be treated the same as if no other material were furnished or labor done.

The word "month" as used in the statute doubtless means a calendar month. The provision giving a subcontractor upon a railroad sixty days from the end of the month to file a verified statement of the work of the month for which he claims a lien was made, we suppose, with reference to a custom of railroad companies in the work of construction to make monthly estimates of the work done, estimating during each calendar month the work done during the preceding calendar month. Upon these monthly estimates, as we understand, partial settlements are made by the company with its contractors, and payments are made in accordance therewith. The work is thus broken up into monthly divisions, and thereby brought within the means of contractors working upon limited capital. To facilitate speedy settlements and payments it is necessary that the company should be permitted to know the claims of subcontractors. The statute very properly, as we think, requires that the claims of subcontractors should be spread from time to time, at no long intervals, upon the record. The plaintiff insists that this cannot be so, because it would be a great hardship upon subcontractors. But this idea, we think, is based upon a complete misconception of the subcontractor's interest. Any law which would unnecessarily obstruct the making of payments by the company would ordinarily be as disastrous to the subcontractors as to the contractors. We are clear that no work can be properly covered by a verified statement, and a lien claimed therefor, unless the statement be filed within sixty

days from the last day of the calendar month within which
the work was performed.

We come now to the second question, and that is as to the
time within which the written notice must be given. The
statutory provision is found in section 2134 of
Miller's Code, being section 7, of chapter 100, of
the Laws of 1876. The provision is as follows: "To pre-
serve his lien as against the owner, and to prevent payments
by the latter to the principal contractor or to intermediate
subcontractors, but for no other purpose, the subcontractor
must within the thirty days provided in section six serve
upon the owner, his agent or trustee, a written notice of the
filing of said claim." The thirty days provided in section six
is the thirty days from the furnishing of the last material, or
the performance of the last labor. It seems clear to us, then,
that the notice must be given within thirty days from the
furnishing of the last material, or performance of the last
labor. The plaintiff, however, insists that this cannot be so
because a longer time is given in which to file the claim, and
that a notice of filing cannot be given in advance of the filing.
It is suggested, therefore, that either no notice at all is nec-
essary in case of a subcontractor upon a railroad, or else the
thirty days from the furnishing of the last material or per-
formance of the last labor means sixty days from the last day
of the month in which such material is furnished or labor
performed. But we know of no rule by which we should be
justified in taking such liberty with the language of a statute.
It is not for us to say that the provision is a bad one, and
that the legislature must have meant something entirely dif-
ferent from what it said. Besides, it appears to us that the
provision is a good one. So far as notice is concerned, one
rule is provided for all subcontractors. The distinction
between railroad subcontractors and other subcontractors is
made only in respect to the filing of a statement for a lien.
The claims of railroad subcontractors may properly enough,
as we have seen, be required to be spread from time to time

2. ——: ——:
notice.

upon the record, if the custom is, as we have assumed, to make monthly estimates of the work, and base partial settlements and payments thereon. The work itself should not be deemed to constitute notice of the claims longer than until the end of the sixty days provided. While the work is progressing it may properly enough be deemed to constitute notice for that time. After the work is completed, however, the necessity of a speedy and final settlement with all parties is such that subcontractors may properly enough be required to give actual notice of their claim, if they have any, within some short time, as thirty days. An estimate is not necessary for that purpose, as it might be to enable them to file a verified statement.

The only objection seriously urged to construing the statute according to the plain import of its language arises from the supposed impossibility of giving notice of the filing of a claim in advance of the filing. But if we should concede such impossibility, we should be disposed to adopt the same construction. It would only follow that while verified statements might be generally filed at any time within the sixty days provided by the statute, the statement designed to cover the last work should be filed soon enough to enable the subcontractor to give notice within the thirty days provided, if he wished to avail himself of the advantages of a notice. But we are far from conceding that there is an impossibility of giving notice of the filing of a claim in advance of the filing. The idea that there is is based upon a construction of language altogether too fine to justify us in supposing that it occurred to the legislature.

The notice in the case at bar not having been given within thirty days from the completion of the work, as appears by the petition, and the company having averred in its answer that it has paid the contractors in full, we think the answer showed a good defense, and that the demurrer to it should have been overruled.

REVERSED.