NASH & PHELPS v. THE CHICAGO, MILWAUKEE & ST. PAUL R'Y CO., ET AL.

1. **Mechanic's Lien:** TIME OF FILING: WORK ON RAILROAD UNDER SUBCONTRACTOR. Where work was done upon a railroad under a subcontractor in July and August, 1881, and the notice required by Code, § 2131, of the filing of the claim for the lien was given October 31, 1881, and, prior to the giving of the notice, the subcontractor had been paid in full, in accordance with the contract for the work, after its completion, *held* that the lien could not be enforced against the railroad.

2. **Assignment of railroad "Time Checks":** CONTRACTOR NOT BOUND BY. This action was brought against the principal contractors upon an assignment of certain "time checks" signed by the subcontractor; but these time checks not purporting to be an obligation of the principal contractors, judgment against them was properly refused.

*Appeal from Marshall District Court.*

THURSDAY, OCTOBER 18.

ACTION to recover for work done in building a railroad, and to enforce a mechanic's lien therefor. A trial was had without a jury, and judgment was rendered for defendants. Plaintiffs appeal. The facts of the case are fully stated in the opinion.

*Brown & Carney*, for appellants.

*J. H. Bradley*, for appellee.

BECK, J.—I. The petition alleges that certain laborers performed work in constructing the railroad, under contract with one Ryan, for which no payment has been made; that claims for a lien were duly filed, and notice thereof served upon the railroad company, and that the claims have all been assigned to plaintiffs. Judgment is prayed against Langdon, Bishop & Co., contractors, and a lien is claimed against the railroad. An amended petition shows that the contractors became bound to pay the claims by reason of promises and

representations made by them, and under provisions of their contract with the railroad company. The answer, admitting the services rendered by plaintiff's assignees, and that Langdon, Bishop & Co. were contractors, and Ryan was a subcontractor, denies other allegations of the petition. In the view we take of the case, a more particular statement of the pleadings is unnecessary.

II. The work was done by plaintiff's assignors in July and August, 1881; the notice required by the statute, (Code,

1. MECHANIC'S lien: time of filing: work on railroad under subcontractor. § 2131,) of the filing of the claim for the lien was given October, 31, 1881, and prior to the giving of the notice the sub-contractor, Ryan, had been paid in full, in accordance with the contract for the work, after its completion. No lien can, therefore, be enforced against the railroad for the claims of plaintiff's assignors. *Sandval v. Ford*, 55 Iowa, 461; *Robinson & Atherton v. The State Ins. Co.*, Id., 489.

III. We are required to determine whether plaintiffs are entitled to a judgment against Langdon, Bishop & Co. We

1. ASSIGNMENT of railroad time checks: contractor not bound by. think they are not, for the reason that they fail to prove that the claim was assigned and transferred to them. The assignment was made by the persons performing the labor executing a written instrument in the following language:

"For value received we hereby assign to Nash & Phelps our accounts against the Chicago, Milwaukee & St. Paul R. R. Co., for work done on construction of a railroad bed for said railroad company, and all our right, title and interest in certain mechanic's liens filed in the office of the clerk of district court of Marshall county, Iowa, by us, against said railroad company. Audubon, Iowa, Nov. 18, 1881."

This instrument transfers an account against the railroad company, and a claim for mechanic's lien. It transfers no claim against Langdon, Bishop & Co.

The sub-contractor gave to each of plaintiff's assignees a memorandum in the following form:

"$60.66              TIME CHECK.

"Marion Extension, C. M. & St. P. R. R.

       "*To Langdon, Bishop & Co., Contractors,*

"Jake Waltenberg has worked 21 1-2 days in the month
   of July with team, at $3.50 per day   -   -   $78.92
" To account with Matt. Ryan -   -   -   -   -   18.26

     " Balance due  .-   -   -   -   -   -   $60.66
                    " MATT. RYAN, Sub-Contractor.
" Dated Aug. 11, 1881."

These "time checks" were delivered to plaintiffs, the name
of the respective payees being indorsed upon each. If it be
conceded that this indorsement constituted an assignment, it
transferred no claims against Langdon, Bishop & Co. The
instrument is evidence of indebtedness of Ryan to the payee,
or of the indebtedness of the railroad company to Langdon,
Bishop & Co. It is not a claim, or evidence of a claim,
against the parties last mentioned. Its assignment does not
operate to transfer to plaintiffs a claim upon them. There is
no other evidence of the transfer of these claims to plaintiffs
relied upon except these instruments. We therefore con-
clude that plaintiffs failed to establish any interest in the
claims sued upon. As we understand the record, the court
below upon this ground dismissed plaintiffs' petition. The
decision was correct, and must be

                                 AFFIRMED.