Utter v. Crane.

UTTER v. CRANE *et al.*

**Mechanic's lien:** SUB-CONTRACTORS AND LABORERS.  A laborer employed by a sub-contractor for building a railroad cannot enforce a lien upon the road for the amount due him, if the contractor has fully paid the sub-contractor the amount due under his contract, though the railroad company is indebted to the contractor in a sum exceeding the amount of the claim of the laborer against the sub-contractor.

*Appeal from Fayette Circuit Court.*

SATURDAY, DECEMBER 13.

ACTION at law.   The petition states that plaintiff performed work and labor under a contract with Crane & Keenan, who are sub-contractors under Burch, Lakin & Co., contractors under the D. & St. P. R. Co., and that Crane & Keenan gave him a statement in writing, showing an amount due him for such labor and directing Burch, Lakin & Co. to pay the same.   That upon payment being refused by Burch, Lakin & Co., plaintiff filed a statement in the clerk's office of Fayette county, claiming a lien upon the D. & St. P. Railroad, located in said county, a copy of which was served upon each of the said defendants.   The statement and notice are such as are required by law for the enforcement of mechanics' liens.

Defendants, Crane & Keenan, made default.

Burch, Lakin & Co. and the D. & St. P. R. Co. set up the following defense in an answer :

Utter v. Crane.

Burch, Lakin & Co. are contractors under the D. & St. P. R. Co. for the grading of a part of its road, and sub-let to Crane & Keenan a part of the work at a price agreed upon; that the work done by plaintiff was under a contract with Crane & Keenan upon the part of the road sub-let to them; that in their contract Burch, Lakin & Co. reserved no control of the work as to the number of men to be employed, or the price to be paid them, all of which was known to plaintiff. The contract was made in good faith and for a fair and reasonable compensation, to be paid to Crane & Keenan, and without any intent, on the part of Burch, Lakin & Co., to defraud any one, and without any fault on the part of the D. & St. P. R. Co. The work done by Crane & Keenan did not amount to enough to pay in full the laborers employed by them; but the amount earned by Crane & Keenan was divided among the laborers, including plaintiff, in proportion to the amount due them from Crane & Keenan, and the entire amount due Crane & Keenan was thus paid out to such laborers, and that there is nothing now in the hands of either of the other defendants due to Crane & Keenan. A demurrer to this answer, on the ground that it sets up no defense to plaintiff's claim for the enforcement of a lien upon the road for the amount due him, was overruled. From the judgment upon the demurrer plaintiff appeals.

*Rickel & Fuller* for the appellant.

*Noble, Hatch & Frese, W. A. Hoyt* for the appellees.

BECK, Ch. J. — In our opinion, the demurrer was properly overruled.

Revision, § 1847, provides that a sub-contractor may enforce a lien upon the property on which he has been employed to labor or for which he supplied materials, by giving a notice at the time, to the owner, of his intention to labor or furnish materials, and after indebtedness is incurred, upon presenting a statement thereof, signed by the party with whom he con-

tracted, to the owner, and filing within thirty days a statement of his claim in the clerk's office, etc. Chap. 12, acts 12th Gen. Ass. (Code, § 2132), provides that every owner, contractor or sub-contractor of any railroad in the State shall be deemed to have the notice provided for in the section just cited, for a period of sixty days from the last day in the month in which the labor was done or the material furnished, during which period any person entitled to do so may file a lien as provided for, which shall be binding upon the erections, road-bed, etc. But it is provided, that "in case the lien is sought to be enforced against the owner, the liability shall not be greater than his liability would have been to the contractor at the time the labor was performed or materials furnished."

Plaintiff claims that, under these statutes, he is entitled to enforce his lien against the road without regard to the contract between Burch, Lakin & Co. and Crane & Keenan. We are not able to concur in such a construction of the statutes.

In the case before us there is one more party involved in the transaction than is contemplated by the language of the statute. These are the owner (railroad company), the contractor, sub-contractor and the laborer, the plaintiff. The statute in its language provides for the case of the owner, contractor and sub-contractor. By another provision a laborer is secured the rights of a sub-contractor, and is so considered. Rev., § 1871. The statute, in providing for the rights and liabilities of the parties, where there is an owner, contractor and laborer only concerned, does not establish a rule that can be applied according to its very words to a case where another party appears as a sub-contractor, for the rights and relations of the parties are very different. In the case contemplated by the language of the law the contractor employs the laborer or sub-contractor, whose right to enforce the lien is secured. There are in that case but two contracts, the one between the owner and contractor, and another between the contractor and sub-contractor. In the case before us there are three contracts — an additional one between the sub-contractor and another sub-contractor, the laborer. It is evident that this fact changes the right of the

Vol. XXXVII. — 80

laborer and the liability of the owner. The sub-contractor, as to the laborer, is a contractor, and as to the one contracting with the owner, under whom he is employed, he bears the same relation. He occupies the place of the first contractor, and as to him and the laborer the first contractor occupies the place of the owner, as contemplated by the language of the statutes. Now the rights of the laborer and liability of the first contractor are to be regarded as though there was no other party concerned, and the liability of the owner as though the contractor were out of the way, and the sub-contractor, employing the laborer, had made his contract directly with the owner. If this be not so, and a lien may be enforced against the road without regard to the contract of the contractor with the sub-contractor, and the fact that he has fully performed it by paying the amount provided therein, then will that contract and the rights of the contractor under it be wholly disregarded and violated, a thing that the law will not tolerate. Such a construction of the statute would destroy the contract, impair its obligation, and we cannot presume the legislature intended any such thing. To authorize such a construction of the statute the language should be so unmistakable as to permit no other reasonable construction.

The claim of the laborer to a lien arises through the contract under which his employer, the sub-contractor, took the work. He has no claim on the contractor based upon the contract which the last named has with the owner, except so far as the contractor may be indebted to the sub-contractor. If the contractor has fully paid the sub-contractor, and discharged his obligation to him, the chain of rights and liabilities between the owner and laborer is separated.

Again: the owner cannot be considered indebted to the sub-contractor if the contractor has fully paid him, for the owner's liability depends upon an indebtedness between the contractor and sub-contractor. The sub-contractor claims through his contractor. If he be fully paid he can have no claim on the owner, for he has none in that case on the contractor. If he has no claim on these parties it is evident the laborer, who

claims under him, can have none. Now the statute (chap. 12, Acts 14th Gen. Ass.), in providing that, "in case the lien is sought to be enforced against the owner, the liability shall not be greater than his liability would have been to the contractor at the time the labor was performed," was not changed to create a liability on the part of the owner or contractor, but simply to provide for the enforcement of a liability when it was found to exist. As no liability is shown to exist on the part of the contractor or owner plaintiff can have no remedy against them.

These views lead us to the conclusion that the demurrer was properly overruled.

Affirmed.