## MEARS & HAYS v. STUBBS & CO. ET AL.

1. **Mechanic's Lien**: SUB-CONTRACTOR: AGENCY. Before the statement of his lien by a sub-contractor can be given to the owner to establish his lien, either the contractor himself or his duly authorized agent must have refused to sign a statement of his claim.

*Appeal from Marion Circuit Court.*

### FRIDAY, APRIL 20.

ACTION to recover for labor performed in the construction of a railroad and to establish a lien upon the railroad. The plaintiffs were sub-contractors under Stubbs & Co., who were

themselves sub-contractors under the defendant, Samuel Merrill, who had contracted to build the road for the defendant, the Knoxville, Albia & Des Moines R. R. Co. As to the amount due there is no controversy. The only question is as to whether the plaintiffs are entitled to a lien upon the road. The facts are stated in the opinion. Decree for plaintiffs establishing their lien as prayed. Defendants appeal.

*Stone & Ayres,* for appellants.

*E. R. & L. N. Hays,* for appellees.

ADAMS, J.—The statute does not expressly provide for a lien in favor of a person who is a sub-contractor under a sub-contractor; but that such person may nevertheless have a lien was held in *Utter v. Crane,* 37 Iowa, 631. We have only to consider, then, whether the plaintiffs have taken the proper steps to entitle themselves to a lien. By sections 2131 and 2134 of the Code it appears that the sub-contractor in order to entitle himself to a lien must obtain a settlement with and a written statement thereof from his contractor, which shall be given to the owner, unless his contractor shall refuse to make and sign such settlement, in which case he may make a statement himself, and give that to the owner. In this case no written statement of settlement was signed by the plaintiffs' contractors, but the plaintiffs made the statement themselves. This, as we have seen, would be sufficient, provided the contractors refused to make and sign it. On this point one of the plaintiffs in his testimony said: " We had a settlement with Stubbs & Jackson. The settlement was presented to Mr. Mellen and he refused to sign it." Whether the refusal of Mellen could be considered the refusal of the contractors, Stubbs & Co., or, as the witness calls them, Stubbs & Jackson, depends of course upon what Mellen's authority was. If he had authority from the contractors to sign a statement of settlement, then his refusal would be their refusal. We have then to inquire as to what Mellen's authority was. The evidence shows that Mellen was Stubbs & Co's paymaster and nothing more. This would not pre-

*1. MECHANIC'S lien: sub-contractor: agency.*

sumptively authorize him to sign a final settlement with their sub-contractor. Besides, Jackson, one of the firm of Stubbs & Co., says in his testimony: "Mr. Mellen had no authority or instructions to sign receipts in full for our work, or make final settlements for us." This evidence is uncontradicted, and must be taken as true. We conclude, then, that Mellen's refusal to sign the settlement was not the refusal of Stubbs & Co., and that in the absence of such refusal it was not sufficient for plaintiffs to make the statement themselves. As a mechanic's lien is given solely by the statute, it can be established only by pursuing the steps pointed out by the statute.

Reversed.