## COULTER v. STAFFORD.

*(Circuit Court, D. Washington, N. D. November 27, 1891.)*

1. TAX-DEEDS—LIMITATION OF ACTIONS.
   Code Wash. § 2939, providing that no suit for the recovery of lands sold for taxes shall be commenced more than three years after the recording of the tax-deed, is a complete defense to a suit brought after that time, when the recorded deed is valid upon its face; and plaintiff cannot show that deed is void by reason of irregularities in the prior proceedings.

2. STATUTES—ADOPTION FROM ANOTHER STATE—CONSTRUCTION.
   A state which adopts from another state a statute which has been construed by the highest court thereof is conclusively presumed to adopt it with the construction thus placed upon it.

At Law. Action by Samuel Coulter against John A. Stafford for the recovery of land sold for taxes. Jury waived, and trial by the court. Judgment for defendant.

*Tustin, Gearin & Crews*, for plaintiff.

*Battle & Shipley*, for defendant.

HANFORD, J. This is an action to recover real estate, situated in the city of Seattle. The plaintiff claims to be the owner in fee-simple, deraigning his title by mesne conveyances from a patentee of the United States. The defendant is in possession, having entered in the year 1886, claiming title by virtue of a tax-deed to him executed by the sheriff pursuant to a sale of the land in 1883 to H. J. Jacobs for a delinquent tax

for the year 1882. The plaintiff disputes the validity of the assessment and sale of the property for said tax, and denies that the sheriff had any authority to make the deed. The case has been, by stipulation of the parties, tried without a jury, and submitted to the court for its decision of all questions involved. On the trial objections were made to certain deeds offered in evidence by the plaintiff, and my decision of the questions so raised as to the validity of said deeds was reserved. I now overrule said objections, and give the plaintiff the full benefit of all the evidence offered in his behalf; and I hold that the plaintiff is the owner of the land, and entitled to a judgment as prayed in his complaint, unless the defendant acquired a valid title by the tax-sale and sheriff's deed, or unless the action is barred by the statute of limitations. In 1882 the land in controversy, as part of a larger tract owned by Albert Carr, was listed for taxation in the name of said Carr upon the assessment roll of King county. Said assessment roll was made in the form prescribed by statute, being ruled in columns so as to admit of descriptions of property in the most convenient and concise way. The tract referred to, of which the property in controversy formed a part, was described in the assessment roll following the owner's name thus:

N. E. ¼ of S. W. ¼ of N. W. ¼ of S. E. ¼ | 20 | 25 | 4 | 2.50 | 31

The figures in columns indicate, as shown by explanatory head-lines, section No. "20," township No. "25," range No. "4;" number of acres in the tract, "2.50;" and road-district No. "31." This description is accurate so far as it goes. Objection is made to it, however, on the ground that it is incomplete, in this: that it does not specify township 25 *north* and range 4 *east* of the Willamette meridian; and this supposed imperfection in the description is the basis of the only point made against the regularity and validity of the assessment and sale of the property. In connection with this objection it is proper to note, as it is a matter of common knowledge, that King county is wholly north of the parallel and east of the meridian, which are the initials of the government surveys of all the land therein.

One objection to the tax-deed is on the ground that the original certificate of sale issued to Jacobs was not produced to prove the assignment thereof to the defendant. The fact of the assignment was testified to on the trial by both parties to it, Mr. Jacobs and the defendant. The law in force at the time of the sale secured to the delinquent tax-payer a right to redeem his land at any time within a period of three years from the date of the sale, and provided that, in case of his failure to redeem within that time, the holder of the certificate of sale should be entitled to have a deed executed by the sheriff of the county, which should have the effect to convey to him absolutely the title to the property. This land was not redeemed, and on the 14th day of July, 1886, which was more than three years after the sale, a deed was made by the sheriff to defendant, purporting to be a tax-deed pursuant to the above-mentioned sale to Mr. Jacobs. Before the right of the holder of the certificate to have a deed had matured by lapse of the time allowed for redemption, section 2934 of the Code, which contains the provisions of law confer-

ring upon the sheriff all the authority which he had to execute the deed, was amended by the addition of a proviso requiring the holder of the certificate to serve a notice upon the person in whose name the land was assessed, personally, or by publication, if he be not found within the county, not less than 60 days prior to the expiration of the time for redemption, and to make proof of the giving of such notice in a prescribed manner before he should be entitled to receive a deed. This amendatory act is general in its terms, making no exceptions of cases in which the redemption period was about to expire. It repeals all conflicting statutes, and contains no saving clauses. The act was approved February 3, 1886, and went into effect the same day. The 6th day of May, 1886, was the last day of the three years allowed for redemption of this property from the tax-sale. The time intervening between the approval of said act and the 6th of May was only 91 days. This time was not sufficient, considering the usual delay in publication of the laws after their passage, to afford a reasonable opportunity for compliance with the exactions of the new law. Although it was, for the reason just given, impracticable to comply with the requirements of this statute, the plaintiff now insists that, without compliance, no right to a deed could mature, because the law so declares in plain and mandatory language. The defendant, arguing to the contrary, maintains that, if the act be construed literally, it would deprive him of all rights under his contract of purchase, and therefore impair the obligation of a contract, and therefore render said act unconstitutional and void.

The defendant also relies upon the statute of limitations as a bar to this action. Section 2939 of the Code provides that "any suit or proceeding for the recovery of lands sold for taxes, except in cases where the taxes have been paid or the land redeemed, as provided by law, shall be commenced within three years from the time of recording the tax-deed of sale, and not thereafter, except by the purchaser at the tax-sale." The defendant's deed was recorded more than three years before this suit was commenced. The land was sold for a tax, which has not been paid, and it has not been redeemed. If the deed is held to be valid, there can be no question but what the case is fully within the statute, and barred by it. The only argument in behalf of the plaintiff on this point is that the deed is void, and entirely impotent to serve either as a conveyance of the title, or as a starter to set time running, and bring the case within the protection of the statute. If the bar exists only in cases where valid tax-deeds have been recorded, then it must be necessary, in order to determine whether a case is barred or not, to try it on its merits. To so hold is equivalent to holding that the statute is not a bar in any case, for, if the deed conforms to the requirements of the law in all respects, it will convey the title, and a defendant claiming under such a deed must prevail by reason of having a perfect title,—that is to say, win the case on its merits; and, if the tax-deed be invalid by reason of non-observance of any essential provisions of the law, the plaintiff cannot be defeated within any period of time. Such doctrine is contrary to the manifest design of this species of legislation. The purpose of a

statute of limitations is to put an end to strife, by cutting off the right to dispute the validity of proceedings to divest the owner of his title after the lapse of a definite period of time. The decisions of the supreme court of the United States so maintain. In the opinion of that court, written by Mr. Justice GRIER, in the case of *Pillow* v. *Roberts*, 13 How. 477, this language is used:

"Statutes of limitation would be of little use if they protected those only who could otherwise show an indefeasible title to the land. Hence color of title, even under a void and worthless deed, has always been received as evidence that the person in possession claims for himself, and of course adversely to all the world. * * * In order to entitle the defendant to set up the bar of this statute, after five years' adverse possession, he had only to show that he, and those under whom he claimed, held under a deed from a collector of the revenue of lands sold for the non-payment of taxes. He was not bound to show that all the requisitions of the law had been complied with in order to make the deed a valid and indefeasible conveyance of the title. If the court should require such proof before a defendant could have the benefit of this law, it would require him to show that he had no need of the protection of the statute before he could be entitled to it. Such a construction would annul the act altogether, which was evidently intended to save the defendant from the difficulty, after such a length of time, of showing the validity of his tax-title."

In the case of *Wright* v. *Mattison*, 18 How. 50, the court in its opinion quotes and approves the above extract from the opinion in *Pillow* v. *Roberts*.

Section 2939 of the Code, so far as it affects this case, is in words and effect the same as a statute of Wisconsin, (the only important difference being that the last seven words of section 2939 are not found in the Wisconsin act,) and was judicially construed by the highest court of that state, and by the supreme court of the United States, many years before its adoption here. In the case of *Leffingwell* v. *Warren*, 2 Black, 599, the supreme court cites a line of decisions by the supreme court of Wisconsin, holding that the grantee in a tax-deed is not required to establish the validity of his deed in order to maintain a plea of the statute in bar of an action to recover the land. In the opinion of the court Mr. Justice SWAYNE says:

"In *Sprecker* v. *Wakeley*, 11 Wis. 432, the subject came again under consideration. The court reaffirmed the principles of the former decision. In answer to the objection that it should be shown the land had been regularly sold, and that the officer who executed the deed had authority to give it, they say: 'But if this is a correct view of the statute, we fail to perceive any object in passing it; for, when the public authorities have proceeded strictly according to law in listing the lands, assessing the tax, making demand for the same at the proper time and place, advertising for non-payment of tax, etc., and have observed all the requirements of the statutes up to the execution of the deed, surely the tax-deed in that case must convey a good title, or our revenue laws are illusory, and the power of the government to raise means by taxation upon the property of its citizens necessary for its own support and action is entirely impotent and vain. But we think a party cannot be required to show that his tax-deed has been regularly obtained before he can claim the protection of this statute, since such a construction renders

the law unnecessary and useless.' * * * The lapse of the time limited by such statutes not only barred the remedy, but it extinguishes the right, and vests a perfect title in the adverse holder. ' It tolls the entry of the person having the right, and consequently, though the very right be in the defendant, yet he cannot justify his ejecting the plaintiff.' Bull. N. P. 103; *Stocker* v. *Berny*, 1 Ld. Raym. 741; *Taylor* v. *Horde*, 1 Burrows, 60; *Barwick* v. *Thompson*, 7 Term R. 492; *Beckford* v. *Wade*, 17 Ves. 87; *Moore* v. *Luce*, 29 Pa. St. 260; *Thompson* v. *Green*, 4 Ohio St. 233; *Newcombe* v. *Leavitt*, 22 Ala. 631; *Wynn* v. *Lee*, 5 Ga. 217; *Chiles* v. *Jones*, 4 Dana, 483."

These decisions are controlling, because this court cannot disregard a rule established by the solemn judgments of the highest court of the nation; and for the further reason that, in adopting a statute of Wisconsin after it had been construed by the decisions of the highest court of that state, it must be conclusively presumed that the legislature intended to adopt the decisions expounding it as well as the letter of the law. The grounds of the objection to it do not appear on the face of the defendant's tax-deed. Therefore this case is to be distinguished from the case of *Moore* v. *Brown*, 11 How. 414, in which it was held, by a majority of the justices of the supreme court, that a statute of Illinois, of a peculiar pattern, providing that actions to recover real estate, of which any person may be possessed by actual residence thereon, having a title deducible of record from the state or the United States, or any officer authorized to sell the same for non-payment of taxes or upon execution, shall be brought within seven years next after possession being taken, was not meant to give protection to a person in possession under a deed void upon the face of it. Another case cited by counsel for the plaintiff is *Slyfield* v. *Barnum*, (Iowa,) 32 N. W. Rep. 270. That was a suit to redeem land from a sale for taxes. The purchaser had obtained a deed without having complied with a statute similar to ours prescribing a notice to be given as a prerequisite to a right to have a deed, and the statute of limitations of that state was pleaded as a defense. The court held that, as the required notice was not given, the officer who executed the deed was without authority to do so; that, notwithstanding such lack of authority, the deed was not void; that it operated to transfer the title to the property, but not to cut off the right of redemption, and while that right continued the statute of limitations could not begin to run. If I could concur in that decision, and follow it in this case, I would be bound to render judgment against the plaintiff on the ground that an action at law to recover real property is not maintainable in a circuit court of the United States against the owner of the legal title, and leave him to apply to a court of chancery for such relief as he might obtain there by a bill to redeem. *Slyfield* v. *Healy*, 32 Fed. Rep. 2, was also a suit in equity to redeem, and therefore not in point in this case. I am unable to find in any of the authorities cited by counsel for the plaintiff support for his contention. It is my opinion that this case is barred by the statute of limitations of this state, above quoted. On that ground there must be a judgment for the defendant, and it is unnecessary for me to express an opinion upon the other questions which have been argued.