## ADAMS v. GRAND ISLAND & W. C. R. Co. *et al*

Under Comp. Laws, § 5470, providing that a subcontractor engaged in the
   construction of a railroad, desiring the benefit of the mechanic's lien law,
   must file with the clerk of the circuit court of the county or judicial sub-
   division in which the improvement to be charged with the lien is situat-
   ed, an account of the demand due him, containing a correct description
   of the property to be charged, it is sufficient for the subcontractor to
   describe in his statement that portion of the road only on which he was
   employed.

(Opinion filed January 24, 1900.)

Appeal from circuit court Lawrence county. Hon. A. J. PLOWMAN, Judge.

Action by John Doyle against the Grand Island & Wyoming Central Railroad Company and others to establish and enforce a mechanics lien. From a decree in favor of plaintiff defendants other than defendant A. H. Fitch appealed. Pending the appeal plaintiff assigned all his interest in the action to William E. Adams who was substituted as plaintiff.

This case was first determined by this court in an opinion found in 10 S. D. 239; 72 N. W. 577; in which opinion the judgment of the trial court was reversed, subsequently a rehearing was granted. This opinion is upon the rehearing. The former decision of this court is modified, the judgment of the trial court is reversed in part and affirmed in part and a new trial ordered.

*N. K. Griggs* and *Frawley & Laffey* for appellants.

*Rice & Polley, Chas. W. Brown,* and *Burke & Goodner* for respondent.

CORSON, J. This case was argued and determined at a former term of this court, and the opinion is reported in 10 S. D. 239; 72 N. W. 577. A rehearing was granted, and the case is again before us for review.

After a very careful consideration of the authorities and the arguments of the respective counsel, we adhere to the views expressed in the first part of the opinion, viz. "that the liability of the owner for labor perfomed under the contract with the contractor or subcontractor is limited to the amount due from the owner to the contractor or subcontractor at the time the services were performed."

The second proposition discussed in the opinion, and in which it was held that the notice of the lien was insufficient, in that the lien was claimed upon a section of the road, and not upon the entire road within this state, must be regarded as disaffirmed, as the two members of the court sitting in the case are divided in opinion upon this question on the rehearing, and hence the decision of the court below, holding the notice of lien sufficient, is necessarily affirmed. The writer of this opinion has arrived at the conclusion upon the rehearing that the part of section 5471, Comp. Laws, which provides that the lien shall be binding upon the "erections, excavations, embankments, bridges, road-bed or right of way, and upon all lands upon which the same may be situated to the full value of such labor or material, in the county or judicial subdivision in which the same is filed," refers to the erection, excavation, etc., which have resulted from the labor of the contractor, and does not refer to the entire road. This being so, the contractor performed his duty by filing his lien upon the road-bed so excavated or constructed by him, and the fact that the policy of the law will not permit him to sell the portion of the road so constructed by him does not effect the validity of his lien. His lien upon the portion of the road constructed by him is the foundation of the jurisdiction of a court of equity, which, in some manner consistent with the policy of the law, will enforce the payment of the lien so acquired. The rule that should govern this class of cases is thus stated in Farmers' Loan & Trust Co. v. Canada & St. L. Ry. Co. (Ind. Sup.) 26 N. E. 784: "But it by no means follows that, because the entire road must be sold, it is necessary that a lien should be acquired upon every part of it. The right to enforce the lien necessarily re-

quires the sale of the whole road, since it cannot be sold in fragments; but neither the right to the lien, nor the mode of acquiring it, is affected by this consideration. The acquisition of a lien results from a compliance with the requirements of the statute, and is not affected by the consequences which flow from its acquisition. If the claimant does what the statute requires, he obtains a lien, and, in order to enforce the lien, the law declares what shall be done, but over the question of enforcement the lienor has no control. If he obtains a lien in the authorized mode, he has a right to have it enforced as the law directs, and not otherwise. The claimant must undoubtedly do what the statute commands, but when he does this his right is complete, and subsequent considerations affect the mode of procedure, not the substantive right to a lien." In the case of Railway Co. v. Boney, 117 Ind. 501; 20 N. E. 432, 3 L. R. A. 435; Boney entered into a written contract under which he constructed three miles of the grade of the company's roadbed in Lake county, and within the time prescribed by statute he gave notice of his intention to hold a contractor's lien upon that part of the roadbed which he had constructed. The supreme court of Indiana, in speaking of this lien, says: "The plaintiff in the present case acquired a mere statutory lien upon so much of the roadbed as he had constructed. * * * As it appears in the present case that the debt remains unpaid, the lien affords a basis for the exercise by a court of chancery of its flexible jurisdiction to coerce the payment of the debt." It will be observed that the court in that case assumes that the notice that the claim of lien upon the three miles of road constructed by the contractor was sufficient, although the court held the three miles so graded could not be sold separately to

satisfy the lien. For the reasons stated in discussing the ·first proposition in the original opinion, the judgment of the court below is reversed, and a new trial granted.

HANEY, J., taking no part in the decision.