## Congdon & Henry Hardware Co. v. Grand Island & W. C. R. Co. *et al.*

Where plaintiff, who furnishes supplies to a railroad subcontractor to be used in the construction of the road, fails to file his statement for a mechanic's lien within sixty days, and the contractor fully pays the subcontractor, the statute does not entitle plaintiff to a mechanic's lien against the railroad, though the company has not paid the contractor.

(Opinion filed June 12, 1901.)

Appeal from circuit court, Pennington county. Hon. D. Haney, Judge.

Action by the Congdon & Henry Hardware Company against the Grand Island & Wyoming Central Railroad Company and others to foreclose a mechanic's lien. From a judgment in favor of the defendants, the plaintiff appeals. Affirmed.

*Schrader & Lewis,* for appellant.

*Frawley & Laffey* and *N. K. Griggs,* for respondents.

Corson J.    This is an action to foreclose a mechanic's lien for certain supplies furnished to the subcontractors Carroll & Donoghue,

and used in the construction of the Grand Island & Wyoming Central Railroad. Judgment for the defendants, and the plaintiff appeals.

The roadbed of the railroad was constructed by Fitzgerald & Bro. under a contract with the company for the construction of its line of road from the Cheyenne river, through the counties of Fall River, Custer, and Pennington to the station of Kirk, in Lawrence county, 106 miles. Certain sections of this line were let by Fitzgerald & Bro. to Carroll & Donoghue, who purchased of the plaintiff certain supplies required in the construction of said road. The case was tried by the court without a jury, and very full findings of fact made and filed, of which the only portions we deem necessary for the purposes of this case may be briefly stated as follows: That Carroll & Donoghue, as co-partners, were sub-contractors under Fitzgerald & Bro., and were employed by them to perform the grading and excavating of certain sections of the road in the counties of Pennington and Lawrence; that plaintiff sold and delivered to said sub-contractors a quantity of blasting powder to be and which was used in the construction of said railroad by said sub-contractors; that the reasonable value of the supplies so furnished was $844, no part of which has been paid; that at the time of the filing of plaintiff's account or statement of lien there was no balance due from said Fitzgerald & Bro. to Carroll & Donoghue, but, on the contrary, said Carroll & Donaghue had been overpaid on said contract not less than $15,000. The court concluded as matter of law among other things, that, as there was no amount due from Fitzgerald & Bro. to Carroll & Donoghue when plaintiffs account of statement of lien was filed, and as it was not filed within 60 days after the materials were furnished, the plaintiff cannot avail itself of any benefits therefrom as against the defendant railroad, and its lien cannot be established in this action.

The only question that we deem it necessary to be considered in this case is as to whether or not the court was right in its conclusion of law that, as no amount was due from Fitzgerald & Bro. to Carroll & Donahue at the time plaintiff's statement of lien was filed, the plaintiff cannot avail itself of any benefits therefrom as against the defendant railroad. This question was very fully considered by this court in Adams v. Railroad Co., 10 S. D. 239, 72 N. W. 577, in which this court held that, as our legislature has adopted the mechanic's lien law of Iowa, so far, at least, as the same applied to railroads, the decisions of that jurisdiction construing their statute prior to the adoption of the law in this state must be deemed to have been adopted also by our legislature. This court, therefore, following the decision in the case of Utter v. Crane, 37 Iowa, 631, held that one furnishing supplies to a sub-contractor to be used in building a railroad cannot enforce a lien upon the road for the amount due him if the contractor has fully paid the sub-contractor the amount due under his contract with the railroad company, though the railroad company is indebted to the contractor in a sum exceeding the amount of the claim of the lien claimant. The decision of this court so far as this point was involved, was affirmed on rehearing. reported in 12 S. D. 424, 81 N. W. 960. Under the decision of this court in that case, the learned circuit court in the case at bar was clearly right in its conclusion of law, and the judgment must be affirmed. The judgment of the circuit court is affirmed.

HANEY, J.. took no part in the decision.