C. E. SPARROW COMPANY, INC., appellant, v. W. H. HARTMAN COMPANY, appellee.

No. 50911.

(Reported in 121 N.W.2d 98)

April 9, 1963.

Kildee, Keith, Gallagher & Lybbert, of Waterloo, for appellant.

Swisher, Cohrt, Swisher & Finch, of Waterloo, for appellee.

Stuart, J.—The defendant, W. H. Hartman Company, hereinafter referred to as the owner, owned the Waterloo Courier Building in Waterloo, Iowa. It entered into a contract for extensive remodeling of this building with the John G. Miller Construction Company, hereinafter referred to as the contractor. The contractor subcontracted the plumbing and heating portion of the contract to Sid Smith and Company, hereinafter referred to as the subcontractor. The subcontractor purchased materials to be used on this job from the plaintiff, C. E. Sparrow Co., Inc., hereinafter referred to as the supplier. The subcontractor did not pay the account of the supplier. Supplier filed a mechanic's lien against the property of the owner and brought this action to foreclose. The trial court held the payment in full by the contractor to the subcontractor terminated supplier's lien rights, if any, against the owner. Supplier has appealed from the judgment. The case was tried upon a stipulation of fact.

In January 1959 supplier furnished the materials to subcontractor which were used in owner's building. Subcontractor

billed the contractor for the materials January 31, 1959, and the contractor paid the subcontractor February 4, 1959. The contractor billed the owner February 28, 1959, and was paid March 7, 1959. By April 16, 1959, subcontractor had been paid in full for all items of labor and material furnished by it under its subcontract. The supplier had not been paid by subcontractor and on July 30, 1959, its mechanic's lien was filed and the owner was served legally with notice as provided in section 572.10, Code of Iowa. More than 60 days had elapsed since the furnishing of the material but at that time the owner owed the contractor an amount in excess of the claim of the supplier. The amount still due the contractor was for work and materials furnished by contractor during July 1959.

The owner concedes the supplier is a materialman within the provisions of section 572.1(2), 1958 Code of Iowa, and is a person entitled to a lien within the provisions of section 572.2. It is also conceded the mechanic's lien was filed after the 60-day period in accordance with the provisions of section 572.10 and that the notice was duly and legally served on the owner.

The narrow question in controversy here is the legal effect of full payment of the amount due the subcontractor upon the lien of a supplier of the subcontractor which supplier did not file its mechanic's lien until after the 60-day period has expired. This involves an interpretation of section 572.11 of the 1958 Code of Iowa, which reads as follows:

"Extent of lien filed after sixty days. Liens perfected under section 572.10 shall be enforced against the property or upon the bond, if given, by the owner, as hereinafter provided, only to the extent of the balance due from the owner to the contractor at the time of the service of such notice; but if the bond was given by the contractor, or person contracting with the subcontractor filing the claim for a lien, such bond shall be enforced to the full extent of the amount found due the subcontractor."

The supplier claims that it perfected its lien by filing the claim as provided in section 572.10 and that under section 572.11 it is entitled to enforce it against the property of the owner "to the extent of the balance due from the owner to the contractor at the time of the service of the notice", which in the instant case

is more than enough to cover supplier's account. It claims the fact that the subcontractor with which the supplier contracted has been paid in full in no way affects its right to enforce the lien against the owner.

The owner contends the mechanic's lien statutes only contemplate three parties, the owner, contractor and subcontractor and that the term "contractor" as used in section 572.11 means the party with which the supplier contracts which would not necessarily be the principal contractor. Thus, where four parties are involved, as in the instant case, the rights of the supplier are to be determined on the basis of the contractor being in the shoes of the owner, the subcontractor in the shoes of the contractor and the supplier in the shoes of the subcontractor. In other words, the owner argues supplier's lien must be enforced through the party with whom supplier contracted and if that party has been paid in full, supplier's lien cannot be enforced against the owner if filed after the 60-day period has expired. Owner contends that if a lien is not filed within 60 days it has the right to assume the supplier will look elsewhere for payment and can feel at liberty to pay the contractor. Under these same circumstances the contractor could feel at liberty to pay a subcontractor without risk of a lien being filed and enforced against the unpaid balance due contractor from the owner.

In view of the amount of construction that has taken place in Iowa over the past 100 years, there is a surprising lack of authorities on this particular question. The only case found by either party or the court which is directly in point is the case of Utter v. Crane (1873), 37 Iowa 631, 633, 634, upon which the owner has based its case and from which many of the arguments advanced by the owner were taken. In this case a laborer employed by a subcontractor attempted to enforce a mechanic's lien against the owner railroad. The court said:

"In the case before us there is one more party involved in the transaction than is contemplated by the language of the statute. These are the owner (railroad company), the contractor, subcontractor and the laborer, the plaintiff. The statute in its language provides for the case of the owner, contractor and subcontractor. By another provision a laborer is secured the rights

of a subcontractor, and is so considered. Rev., section 1871. The statute, in providing for the rights and liabilities of the parties, where there is an owner, contractor and laborer only concerned, does not establish a rule that can be applied according to its very words to a case where another party appears as a subcontractor, for the rights and relations of the parties are very different. In the case contemplated by the language of the law the contractor employs the laborer or subcontractor, whose right to enforce the lien is secured. There are in that case but two contracts, the one between the owner and contractor, and another between the contractor and subcontractor. In the case before us there are three contracts—an additional one between the subcontractor and another subcontractor, the laborer. It is evident that this fact changes the right of the laborer and the liability of the owner. The subcontractor, as to the laborer, is a contractor, and as to the one contracting with the owner, under whom he is employed, he bears the same relation. He occupies the place of the first contractor, and as to him and the laborer the first contractor occupies the place of the owner, as contemplated by the language of the statutes. Now the rights of the laborer and liability of the first contractor are to be regarded as though there was no other party concerned, and the liability of the owner as though the contractor were out of the way, and the subcontractor, employing the laborer, had made his contract directly with the owner. If this be not so, and a lien may be enforced against the road without regard to the contract of the contractor with the subcontractor, and the fact that he has fully performed it by paying the amount provided therein, then will that contract and the rights of the contractor under it be wholly disregarded and violated, a thing that the law will not tolerate. Such a construction of the statute would destroy the contract, impair its obligation, and we cannot presume the legislature intended any such thing. To authorize such a construction of the statute the language should be so unmistakable as to permit no other reasonable construction.

"The claim of the laborer to a lien arises through the contract under which his employer, the subcontractor, took the work. He has no claim on the contractor based upon the con-

tract which the last named has with the owner, except so far as the contractor may be indebted to the subcontractor. If the contractor has fully paid the subcontractor, and discharged his obligation to him, the chain of rights and liabilities between the owner and laborer is separated.

"Again: the owner cannot be considered indebted to the subcontractor if the contractor has fully paid him, for the owner's liability depends upon an indebtedness between the contractor and subcontractor. The subcontractor claims through his contractor. If he be fully paid he can have no claim on the owner, for he has none in that case on the contractor. If he has no claim on these parties it is evident the laborer, who claims under him, can have none. Now the statute (chap. 12, Acts 14th Gen. Ass.), in providing that, 'in case the lien is sought to be enforced against the owner, the liability shall not be greater than his liability would have been to the contractor at the time the labor was performed,' was not changed to create a liability on the part of the owner or contractor, but simply to provide for the enforcement of a liability when it was found to exist. As no liability is shown to exist on the part of the contractor or owner plaintiff can have no remedy against them."

This case was followed by the South Dakota Supreme Court in the cases of Congdon & Henry Hardware Co. v. Grand Island & W. C. R. Co., 14 S. D. 575, 86 N.W. 633, and Adams v. Grand Island & W. C. R. Co., 10 S. D. 239, 72 N.W. 577. It appears to have been followed in Iowa in the case of Nash & Phelps v. The Chicago, Milwaukee & St. Paul Ry. Co., 62 Iowa 49, 17 N.W. 106, although it was not cited. It was cited in the case of Beach & Weld v. Wakefield, 107 Iowa 567, 76 N.W. 688, 78 N.W. 197. Neither of these two Iowa cases directly involved the point decided in the Utter case and urged here. The present statute cannot be construed in this manner.

As the mechanic's lien is purely a statutory remedy, it is important to compare the statutes in effect when the Utter case was decided in 1873 with those in effect in 1958. An examination discloses that the definitions of "owner" and "subcontractor" are quite similar as are the provisions identifying the persons entitled to mechanic's liens. (Code, Revision of 1860, sections

1846(1), 1866(21), 1871(26); Code of 1958, sections 572.1(1), 572.1(2), 572.2) There is a considerable difference between the statutory provisions setting forth the methods of perfecting and enforcing the liens. The particular portions involved in this case must be compared.

The Fourteenth General Assembly in 1873 supplemented the mechanic's lien statutes then in effect with a section addressed specifically to railroads providing every owner, contractor and subcontractor on railroads shall be deemed to have notice of claims for labor or material furnished for a fixed period of time and creating a lien against the right-of-way "to the full value of such labor or material: Provided, In case the lien is sought to be enforced against the owner, the liability shall not be greater than his liability would have been to the contractor at the time the labor was performed or material furnished and provided further that the liability of the owner, in case actual notice shall be given after the sixty days, shall be the same as now provided by law."

The Code of 1860 in section 1870(25) provided that a subcontractor which failed to give advance notice, but did comply with the Act in other respects "shall have the benefit of this act, the same as if he had given such notice, to the extent, and only to the extent, that such owner or proprietor can safely with his engagements and liabilities then existing, withhold any amount *by him owing to his contractor for such subcontractor.*" (Emphasis supplied.)

The emphasized portions of the foregoing quotation seem clearly to limit the liability of the owner to the specific sum owed to the contractor *for such subcontractor.* If he has paid the contractor all that he owes him for the subcontractor it appears that he would properly be relieved of liability under the statute. The court did not stress this particular portion of the statutes in the opinion in the Utter case, but it apparently had them in mind as shown by the opinion quoted above. It is understandable why the court reached the result it did. Reference is limited to "owner", "contractor", and "subcontractor". The whole tone of the mechanic's lien law in 1873 would lead one to the conclusion that a laborer's or supplier's rights were dependent upon the rights

of the one with whom he contracted. The emphasized portions of the statute set out above particularly bear this out. Had this statute been in the Code when the instant case was tried the supplier would have had no chance to recover, for under the stipulated facts it was established that the owner did not owe anybody anything *"for such subcontractor"*.

Neither this phrase nor any similar phrases are found in the present Code section 572.11, Code of Iowa. It provides that liens filed after the 60-day period "shall be enforced against the property or upon the bond, if given, by the owner, as hereinafter provided, only to the extent of the balance due from the owner to the contractor at the time of the service of such notice; but if the bond was given by the contractor, or person contracting with the subcontractor filing the claim for a lien, such bond shall be enforced to the full extent of the amount found due the subcontractor."

The limitation "for such subcontractor" has been removed in this section and the lien exists "to the extent of the balance due from the owner to the contractor at the time of the service of such notice". As stated before, this case therefore turns on the meaning of "contractor" in section 572.11. If it means "principal contractor" the supplier is entitled to prevail because it is stipulated the owner owes the principal contractor a balance large enough to cover supplier's claim. If it means the one who contracted with the subcontractor who filed the claim, the owner is entitled to prevail as it is stipulated that the subcontractor with whom supplier dealt has been paid in full.

Section 572.11 differs from the statutes involved in the Utter case as it brings in a party other than the owner, contractor and subcontractor. In the portion after the semicolon, it refers to the "contractor, or person contracting with the subcontractor filing the claim for a lien". It seems obvious that the section does therefore contemplate more than three parties. Anticipating that it may be argued that this phrase "or person contracting with the subcontractor filing the claim" merely defines contractor in the terms urged by the owner, we must look to the section dealing with bonds as it is in connection with the bond that this phrase is used. Section 572.15, 1958 Code of Iowa, permits mechanic's

liens to be discharged by the filing of a bond and lists those who may file such bonds as "the owner, principal contractor, or *intermediate subcontractor*". (Emphasis supplied.) It therefore appears that the term "contractor" in section 572.11 is equivalent to "principal contractor" in 572.15 and that the phrase "or person contracting with the subcontractor filing the claim" in 572.11 is the same as "intermediate subcontractor" in 572.15. If "contractor" in the last part of section 572.11 means "principal contractor", it must also mean principal contractor in the first part of the section, which section consists of only one complete sentence. Therefore the interpretation urged by the supplier appears to be the more acceptable and consistent.

While this interpretation calls attention to certain deficiencies in our mechanic's lien law pointed out in 47 Iowa Law Review 144, this is a legislative matter. The Law Review article, however, did not suggest this section was susceptible to any other interpretation. The effect of such interpretation is in line with the majority of jurisdictions. Corpus Juris Secundum at 57 C. J. S. 836, Mechanics' Liens, section 253, states:

"Except in a few jurisdictions the fact that a subcontractor has been paid in full does not prevent a person who has furnished labor or material to him from enforcing a lien, at least where there is still something due from the owner to the principal contractor."

The Minnesota Court in the case of Illinois Steel Warehouse Co. v. Hennepin Lumber Co., 149 Minn. 157, 182 N.W. 994, under a similar statute permitted a second-degree contractor to enforce a lien although his contractor had been paid in full.

Other inconsistencies would appear if the statute were susceptible to the interpretation suggested by the owner. It is conceded that the notice of the filing of the lien is to be served upon the owner of the property under section 572.10. It is difficult to see the effectiveness of such notice if the lien depends upon the amounts due the subcontractor from the contractor. There is no notice to the contractor. Suppose a contractor shortly after the owner was notified, without actual notice, paid the subcontractor in full. Would the supplier lose his lien by this action or would the contractor be bound by a notice not served upon

him? Under the interpretation urged by the owner, there would be no correlation between the notice provision and the responsible parties. It would seem that if the lien depends upon the amount due from the contractor, the contractor is the party entitled to the notice. It is impossible to read such interpretation into the notice statute.

There is little difference in the equities between the two parties. Both the owner and the supplier had means available to protect themselves. The owner could have required receipts and waivers of claims for mechanic's liens. The supplier could have filed his claim within the sixty-day period. The principal contractor who actually stands to lose should be more familiar with the mechanic's.lien law and the devices by which he could have been protected than any other party. He necessarily deals with it in his everyday activities. It is surprising that this question has not been resolved before, but the lack of litigation on this point reveals that it has not been a troublesome issue to date.

It is our opinion that the plaintiff-supplier, C. E. Sparrow Company, Inc., had a valid mechanic's lien enforceable to the extent of the balance due the contractor, John G. Miller Construction Company, from the defendant, W. H. Hartman Company, on the date notice of the filing of said lien was served upon the owner, and this case is reversed with instructions to the trial court to enter judgment in accordance herewith.—Reversed.

All JUSTICES concur except THORNTON, J., who takes no part.