## J. S. TUCKER ET AL. *v.* M. E. WILSON ET AL.

1. ABATEMENT. *Suit by infants. Death of next friend. Revivor. Limitations.*
   Minor complainants by next friend appealed in 1873 from a decree sustaining a demurrer to their bill, and the decree was reversed at defendants' costs and answer required. The costs were not paid, and no mandate was issued. The next friend died, and no steps were taken in the cause for fifteen years. Complainants, being all of age, some of them for more than ten years, filed their bill against the same defendants to revive the original suit. *Held,* that the suit was not abated by the death of the next friend, or by the coming of age of complainants, but, as between the parties, continued a pending suit; no statute of limitations being applicable.

2. SAME. *Death of next friend. Revivor. When necessary.*
   Under such circumstances it was not necessary for complainants to file a bill of revivor, but only to appear and prosecute, as adults, the original suit. But such bill, though not necessary, was proper as a method of notifying the court of complainants' intention to prosecute such suit, and as giving defendants notice, that they might answer as ordered by the supreme court.

3. SAME. *Res judicata. Former trial not on merits.*
   The right of the complainants to intervene and prosecute in their own right such suit begun by their next friend, was not affected by a decree dismissing, without prejudice, a chancery suit brought by them against the same defendants to cancel their claim to the land, or by the abandonment by complainants of an ejectment suit brought to recover the land ; these suits having been brought under a misconception of the course proper to be pursued.

4. SAME. *Purchase lis pendens. Case.*
   A sale by the trustee of the land, the subject of the original suit, and its purchase by the beneficiary after the appeal, both being parties to the suit, conferred no additional rights ; although, in making the sale, they were misled by a mistake of the clerk of the supreme court in twice docketing the cause, and in certifying in a mandate that it had been dismissed for want of prosecution, whereas it had been elsewhere properly docketed and the decree reversed.

5. SAME. *Special statute of limitations for Union county. Act 1882, p. 282.*
   Such purchaser, *pendente lite,* cannot, because of her occupancy and use of the land as a farm, invoke against the said complainants the special statute of limitations of five years, passed in 1882 (Laws, p. 282), to "remedy the evils occasioned by the burning of the court-house of Union county."

From the chancery court of Lee county.

Hon. Baxter McFarland, Chancellor.

Appellants filed this bill in the chancery court of Lee county, seeking to revive an original suit begun in their behalf by their next friend in 1870. The history of the said suit is as follows: In 1870, appellants, minor children and heirs of one J. S. Tucker, by their next friend, C. B. Williams, filed their bill in said county against Mary Tucker, J. K. Wilson, Mrs. M. E. Wilson and J. B. Vance and others to enjoin a sale of certain land by Vance as trustee for the benefit of said M. E. Wilson. J. K. and M. E. Wilson made a motion to dissolve the injunction and demurred to the bill, and the demurrer being sustained, complainants by their next friend appealed to the supreme court. The cause was docketed in the supreme court as " No. 564, *C. B. Williams' next friend, etc.,* v. *Mary Tucker et al.,*" and came on to be heard in 1873 (see *Williams* v. *Tucker,* 47 Miss. 678), and the decree of the chancery court was reversed and the costs of appeal taxed against appellees. Meantime, the cause was a second time docketed, presumably by a mistake of the clerk of the supreme court, and appeared on the docket as " No. 636, *Heirs of J. S. Tucker* v. *Jas. K. Wilson et al.,*" but no transcript bearing that style was filed, and a motion was made to dismiss the appeal in case No. 636 for want of a transcript, and the motion was sustained and the dismissal certified to the lower court. Afterwards, at the same term, counsel for appellants moved the court to set aside the order of dismissal and recall the mandate, because the identical cause had been previously docketed by its proper title and was being considered by the court. This motion was passed from time to time and finally withdrawn.

Shortly after the reversal of the decree, C. B. Williams, the next friend, died, and the costs of appeal taxed against defendant not having been paid no mandate was sent to the lower court certifying such reversal. The defendants, James K. and M. E. Wilson, acting, as they testify, upon information from their counsel that the appeal had been abandoned and the injunction consequently dissolved, caused Vance, the trustee, to advertise and sell the land,

and at the sale M. E. Wilson became the purchaser and is now claiming the land under said purchase.

No steps were taken in the cause until 1888, when the complainants in their own right filed this bill against the defendants in the original bill seeking to revive the suit. Complainants are all adults, some of them having been of age considerably more than ten years.

The answer of J. K. and M. E. Wilson set up the following defenses : (1) Adverse possession in M. E. Wilson for more than ten years under her purchase from Vance, trustee ; (2) That in 1886 a chancery suit filed in Union county by the same complainants against the same defendants, and seeking to cancel the latter's claims to the land, was upon demurrer of defendants dismissed, and that this, if not making the subject of this suit *res judicata,* yet showed a purpose to abandon the original suit now sought to be revived ; (4) That the present suit as well as any other " new action" by complainants is barred under § 2686, code 1880, and if not barred by this statute it is barred under the ten years' statute or the six years statute ; (5) That the right of complainants to maintain any action to recover the land is taken away by a special statute of limitations of five years for actions to recover lands, passed in 1882 (Laws 1882, p. 282), specially for Union county, the purpose of which was to cure the evils resulting from burning of the court-house in that county ; (6) And finally, that the cause was stale.

The allegations of fact in the answer were established by the evidence. It was shown also that the land in controversy was formerly in Lee county, but was embraced in the territory afterwards formed into Union county.

The evidence showed that complainants after becoming of age had brought an ejectment suit against M. E. Wilson to recover the land, but the action seems not to have been pressed. The dismissal of their bill filed in Union county and referred to before was without prejudice.

Complainants now appeal from a decree dismissing their bill to revive.

*Clarke & Clarke,* for appellants.

1. The original suit was not abated by the removal and death of

Williams, the next friend. The costs of the appeal were adjudged against appellees, the defendants. The chancery court, after the appeal, was powerless to do anything in the cause until the coming in of the mandate. That the mandate was so long withheld was defendants' fault, and it was not filed until 1889, when complainants themselves paid the costs.

2. The bill of revivor seeks to do just what the mandate would do—to require the chancery court to proceed with the cause. It serves the purpose of getting the parties before the court, of showing that the minors had become adults, that defendants still claim the land, and that the suit is still pending. It also shows the purchase in violation of the injunction by M. E. Wilson and the deed from Vance, the trustee. The bill of revivor was proper. Story Eq. Pl. 418–434; Adams' Eq. 775, 776; 12 Pet. (U. S.) 164; 2 Am. & Eng. Enc. of L. p. 273; 23 Wall. (U. S.) 198.

3. None of the several statutes of limitations invoked are applicable to this case, because it remained during all these years a pending suit on the docket. It has never been dismissed by the court or by the act of the parties. It could not be dismissed by operation of law, as there can be no such a dismissal in this state. 52 Miss. 465; 54 Ib. 333; Story Eq. Pl. 418. We know of no statute of limitations applicable to a bill to revive.

*Blair & Stribling,* for appellee, M. E. Wilson.

1. Mrs. Wilson had been in possession, claiming adversely more than ten years before this bill was filed. She purchased at trustee's sale more than ten years before. This sale was not in violation of the injunction, being made at a time when the cause in the supreme court was dismissed. Its subsequent reinstatement and reversal could not affect the sale. Even if the sale was unlawful, it tends to show adverse holding. Adverse possession always begins in wrongful holding. *Hanna* v. *Renfro,* 32 Miss. 129; 54 Ib. 224; 60 Ib. 154. It is claiming against the true owner that makes possession adverse. Angell on Lim. § 390. No case of adverse possession can be found in favor of which the statute does not run. Ib. 381.

2. When the bill in Union county was filed, the complainants

were all adults. The filing of this bill was clearly an abandonment of the right to file this suit. It was equivalent to a dismissal of the original suit.

3. The complainants are barred by § 2686, code 1880, more than one year having elapsed after the dismissal of the suit in Union county and the filing of this bill.

4. If no other statute of limitations be applicable, the case will fall within the six years' statute, § 2669. As to the statute of limitations, see 67 Miss. 295 ; 35 Ib. 174.

5. The land in controversy has been in Union county since its creation, and as Mrs. Wilson was in possession of the land, using part of it as a farm, when the special act of 1882 was passed, that statute is applicable, and bars the present suit.

6. If the mandate was necessary before this bill was filed, the bill must be dismissed, for it was not procured until afterwards. If the mandate is to govern, the bill was not needed. The failure to get the last mandate for so long a time was the fault of complainants. A bill to revive puts in issue nothing but the character of the new party and new defenses. 2. Dan. Ch. Pl. & Pr. 1546. The cases cited by appellant apply to pure bills of revivor. This is in no sense a bill of revivor. It seeks to bring in the sale by the trustee and seeks to cancel Mrs. Wilson's title thereunder. It is thus an original bill in the nature of a bill of revivor, Story Eq. Pl. § 387, and as such is subject to any defense proper under the facts, and the statute of limitations is applicable. Ib. § 831 ; Dan. Ch. Pl. & Pr. 1542 ; *Weir* v. *Field,* 67 Miss. 295 ; *Person* v. *Barlow,* 35 Ib. 175.

Campbell, C. J., delivered the opinion of the court.

The suit begun by the complainants in 1870 was not *abated* by the death of the next friend by whom they sued, nor by the fact that the complainants attained their majority after suit brought. There was no necessity for a bill of revivor. All that was required was for them to appear in the suit as adults and prosecute it. The paper exhibited by them as a bill of revivor was a very proper mode of bringing to the notice of the court their wish to appear in

their own behalf as adults, and continue the suit begun in their behalf by their next friend, and it was fit that the defendants should be aroused from their long sleep, be advised of the purpose of complainants, and notified to answer the original bill, as ordered by the supreme court. The suit has been a pending suit all the time, as between the parties to it certainly, and is to be proceeded with as if a long time had not elapsed, and because of this no statute of limitations is applicable. 1 Dan. Ch. Pl. & Pr. p. 77–8.

The sale of the land by the trustee, and its purchase by the defendant, made no change in the rights of parties. Mrs. Wilson, as a party, was bound to know that the blunder by which case No. 636 was dismissed did not in any manner affect the real case, No. 564, which was properly before the supreme court, and was disposed of by it by reversing the decree, overruling the demurrer and requiring an answer in forty days. If a stranger to the record could claim to have been misled by the mandate sent out after the dismissal mentioned, she could not.

The suit brought by the complainants in Union county, and which upon demurrer was dismissed, *without prejudice,* and the action of ejectment they instituted and dismissed, had no effect whatever on this suit. These fruitless efforts show a want of a proper conception of the right course for the complainants to pursue for their advantage, but do not furnish a reason for precluding them from proceeding in the right way they have now discovered and undertaken to pursue. The case is to be proceeded with just as if the judgment of this court rendered March 24, 1873, had been promptly certified to the chancery court of Lee county. Mrs. Wilson will be allowed to answer the original bill as she might have done eighteen years ago. She might then have paid the costs of this court adjudged against her and co-defendants, and have speeded the cause, but having allowed it to remain *in statu quo* so long, she must now meet the case made by the bill. *Reversed and remanded for an answer to the bill in thirty days after mandate filed elow.*