FRANK W. FORMAN and Another v. THOMAS J. ST. GERMAIN
and Others.[1]

July 30, 1900.

Nos. 12,082—(227).

## Lien for Material under G. S. 1894, § 6229.

Facts considered, and *held* insufficient to show that a wholesale dealer in glass, who fills an order for the same, to be placed in a store building, was an agent, trustee, contractor, or subcontractor of the owner of such building, which was necessary under the statute (G. S. 1894, § 6229), to hold such building on a lien for material furnished such dealer by a third party.

## Emery v. Hertig Distinguished.

Emery v. Hertig, 60 Minn. 54, distinguished; Ryan Drug Co. v. Rowe, 66 Minn. 480, applied and followed.

Action in the district court for St. Louis county against Thomas J. St. Germain and others, copartners under the firm name of T. J. St. Germain Company and others, to enforce a lien for materials furnished by plaintiffs and used in the alteration of a building of defendants Frank D. Day and wife. The case was tried before Dibell, J., who found in favor of defendants Day. From a judgment entered pursuant to the findings, plaintiffs appealed. Affirmed.

*Wilson & Van Derlip*, for appellants.

*S. T. & Wm. Harrison*, for respondents Day.

LOVELY, J.

Action to foreclose a lien for material used upon the store building of defendants Day. The cause was tried to the court, who found against the lienors, upon which finding judgment in favor of the defendants was duly entered, and plaintiffs appeal to this court.

In September, 1898, defendant Frank D. Day made certain material alterations in his store in the city of Duluth. At that time other defendants, the St. Germain Company, were engaged in dealing at wholesale and retail in glass and other merchandise. Day gave the St. Germain Company an order, in the regular course of

[1] Reported in 83 N. W. 438.

business, for a quantity of glass of different sizes, to be put into his store, and, with such order, required that the latter should place and fit the glass when it was delivered. Certain sizes of glass ordered by Day from the St. Germain Company were not in their stock. In order to procure the same to fill such order, the company requested plaintiffs to furnish the deficient sizes. The plaintiffs, relying upon the supposition or belief that Day was responsible and that they could claim a lien, furnished the glass to the St. Germain Company, who failed to pay for it. This proceeding is to enforce a lien upon the store building, under the statute giving the same to an agent, trustee, contractor, or subcontractor. G. S. 1894, § 6229.

At the time of the order given by Day, he had no knowledge of the inability of the St. Germain Company to furnish any portion of the glass necessary to supply such order, or that the company would purchase a portion of it from plaintiffs, or that plaintiffs did in fact furnish any portion of it. He relied wholly upon the St. Germain Company as tradesmen to supply the glass and fill his entire order, and did not interest himself in the subsidiary details of their business to the extent even of inquiring where the glass came from. The plaintiffs seek to hold the property of Day under the statute, but we think this claim materially exceeds the purpose of the lien law, both in letter and spirit; for the evidence does not show that the St. Germain Company were made agents or trustees of Day for the purpose of dealing with the plaintiffs, nor can the plaintiffs be included within the definition of subcontractor by any reasonable view of the situation, under the terms of the statute. The defendant Day could not have supposed from the nature of the business engaged in by the St. Germain Company that they would be required to purchase the property he ordered from another person, and the fact that the glass was to be placed in the building by the latter was a mere incident of the same nature as its delivery upon the premises. This case is unlike that of Emery v. Hertig, 60 Minn. 54, 61 N. W. 830, where the very nature of the property ordered, and the necessity of obtaining it for the use intended, involved on the part of the purchaser knowledge of the fact that, at the place where it was furnished, work had to be done upon it before rendering it of any utility, which work suggested the use to which it was applied.

We think this case is practically ruled by Ryan Drug Co. v. Rowe, 66 Minn. 480, 69 N. W. 468, and the judgment appealed from is affirmed.