PITTSBURG PLATE GLASS COMPANY v. SISTERS OF THE
SORROWFUL MOTHER and Others.[1]

April 19, 1901.

Nos. 12,584—(28).

## Mechanic's Lien—Ryan Drug Co. v. Rowe Distinguished.

Evidence considered, and *held*, distinguishing Ryan Drug Co. v. Rowe, 66 Minn. 480, that it sustains the findings and decision of the trial court to the effect that the plaintiff furnished glass to a subcontractor, not to a material man, for the erection of a certain building, and is entitled to a lien thereon.

Action in the district court for Blue Earth county to enforce a mechanic's lien. The case was tried before Cray, J., who found in favor of plaintiff. From an order denying a motion for a new trial, defendant Sisters of the Sorrowful Mother appealed. Affirmed.

*C. L. Benedict* and *Arthur Schaub*, for appellant.

*A. E. Clark*, for respondent.

START, C. J.

Action to enforce a mechanic's lien.

The facts found by the trial court, so far as material to this appeal, are substantially these: On March 20, 1899, the defendant Schingle duly entered into a contract in writing with the defendant Sisters of the Sorrowful Mother, a corporation, to erect and complete for it on its land, described in the complaint herein, a hospital building, and furnish all necessary materials and labor therefor. This contract he fully performed. (After March 20, 1899, and prior to August 3, 1899, the defendant Schingle entered into an agreement with the defendants Kleinschmidt Brothers, whereby they agreed with him to make and furnish to him all doors and windows and all other mill work necessary for the hospital building, and so agreed to be furnished by him therefor, and to furnish and manufacture all window sash, and furnish and set into the sash and into all doors all necessary glass to furnish

[1] Reported in 85 N. W. 829.

and complete all doors and windows in the hospital building, and necessary to the entire completion of same; all of which material was called and termed "mill work.") Thereafter the defendants Kleinschmidt Brothers purchased of the plaintiff glass at the agreed price of $361.23, to be used in the construction of the hospital building, and in the windows and mill work thereof, as provided by the agreements herein referred to. All of the glass was so sold by the plaintiff and purchased by Kleinschmidt Brothers to be used in the construction of the hospital, and it was thereafter actually so used, except a part thereof, of the value of $30.30. The plaintiff has never been paid for the glass, and it duly made and filed a lien statement therefor.

As a conclusion of law the trial court directed judgment against Kleinschmidt Brothers, and that it be made a specific lien on the hospital building and its site. The Sisters of the Sorrowful Mother appealed from an order denying its motion for a new trial. The record presents two questions for our consideration.

1. The first one is whether the finding of fact which we have inclosed in parentheses is sustained by the evidence. The appellant claims that there was no evidence to sustain the finding to the effect that Kleinschmidt Brothers agreed with Schingle to furnish and manufacture all windows and doors and furnish and set all glass therein for the hospital building. The evidence tends to show that Kleinschmidt Brothers were carpenters and builders, and also operated a plant for the manufacture of sash, doors and other mill work to fill particular contracts as they secured them, but did not manufacture any of such work to hold for sale generally in the market. They did not keep lumber, or glass, or hardware for sale generally. One of the members of the firm testified on this subject as follows:

"Q. You say you operated a manufacturing plant here for some time for the manufacture of sash and doors, and the like of that. Did you manufacture sash and doors and other mill work to be put on the market for sale generally, or did you manufacture it * * * to fill particular jobs? A. We manufactured it to fill and put in certain jobs that we got at the time. Q. You did not manufacture it to hold it on hand? A. No, sir. Q. But when you got a contract you manufactured for that particular job? A.

Yes, sir.  Q. And that was the extent of your manufacturing?  A. Yes; that was the extent of our manufacturing."

He also testified that his firm agreed with Schingle to furnish all the mill work, including doors and windows, with the glass therein, for the hospital building, in accordance with the plans and specifications therefor.  There was other evidence tending to show that they were, to a limited extent, dealers in the articles named; but upon the whole evidence the finding of the trial court which the appellant challenges is fairly sustained.

2. The only other question to be considered is whether the decision of the trial court—that is, its conclusion of law—is sustained by the findings of fact.  The appellant contends that, when read in connection with the undisputed evidence, the only legal conclusion that can be drawn from the findings is that Kleinschmidt Brothers were simply material men, and not subcontractors; hence the plaintiff is not entitled to a lien on the hospital building.  If the premises are true, the conclusion would follow.  The case would then fall within the rule laid down by this court in the cases of Ryan Drug Co. v. Rowe, 66 Minn. 480, 69 N. W. 468, and Forman v. St. Germain, 81 Minn. 26, 83 N. W. 438.

But the premises are not correct, for neither the findings of fact nor the evidence justify the assumption that the firm named were simply material men.  On the contrary, the evidence is ample to sustain the conclusion that they were not general dealers in or general manufacturers of mill work, but only manufactured to fill particular contracts which they had previously entered into; and the findings of fact are, on this appeal, conclusive that they agreed with the original contractor to manufacture and furnish all window sash, and set into the sash and doors all necessary glass, to complete the hospital building according to the plans and specifications.  This mill work was connected with the erection of the building, went into it, and was a divisible and essential part thereof, just as much as the brick work or the plastering was.  The Kleinschmidt Brothers agreed with the original contractor to do this essential part of the whole work; therefore they were subcontractors, and not merely material

men. This clearly distinguishes the case at bar from Ryan Drug Co. v. Rowe and Forman v. St. Germain, which simply hold that the sale of a common article of merchandise, generally kept in the market, to a purchaser who is neither the owner of the building nor a contractor or subcontractor of the owner, does not give the seller a right to a lien for the material so sold. But where, as in this case, a party furnishes materials to a subcontractor for the construction of a building, he is entitled to a lien thereon for the reasonable value thereof. G. S. 1894, § 6229; Emery v. Hartig, 60 Minn. 54, 61 N. W. 830. It follows that the decision of the trial court is sustained by its findings of fact.

Order affirmed.