# Smith *v.* Yearwood, *et al.*

### Damages.

(Decided November 30, 1916.    73 South. 384.)

1. **Parties; Infants; Amendment.**—Where plaintiff was named in the summons as "Mrs. Houston Smith, pro ami, Joe Smith," the suit being by an infant, and in the complaint as "Joe Smith," it was proper to amend by adding or striking out the name of the nominal plaintiff, in view of the provisions of § 2490, Code 1907.

[Smith v. Yearwood, et al.]

2. **Same; Time.**—Where the infant plaintiff had become of age since the institution of the suit, but before the trial, an amendment to the complaint by striking out the name of the next friend, submitted just previous to the case going to the jury was not too late, and should have been granted.

3. **Appeal anad Error; Review; Want of Judgment.**—Where the record fails to set out the judgment of the lower court on the motion for a new trial, the appellate court cannot review the action of the lower court thereon.

APPEAL from Cullman Circuit Court.

Heard before Hon. R. C. BRICKELL.

Action by Joe Smith, pro ami, against C. C. Yearwood and others, for damages. Judgment for defendants and plaintiffs appeal. Reversed and remanded.

TUMLIN & INGRAM, and M. S. PARKER, for appellant. F. E. ST. JOHN, and A. A. GRIFFITH, for appellee.

THOMAS, J.—The plaintiff, as named in the original summons and caption of the complaint, was "Mrs. Houston Smith, pro ami, Joe Smith." In count 2 of the original complaint, the plaintiff was named as "Joe Smith," without naming his next friend. At the trial, by leave of the court first had and obtained, the plaintiff amended his complaint as follows, to-wit: By amending the caption of the complaint where the same reads, "Mrs. Houston Smith, pro ami, Joe Smith," to read, instead, "Joe Smith, by his next friend and mother, Mrs. Houston Smith;" and by striking from said complaint counts 1 and 2 and adding counts 4 and 5, which are set out in the amendment. The defendants moved to strike the amended complaint, on the ground that the amendment made an entire change of parties plaintiff, which motion the court granted.

The defendants were sued in count 2 by the real plaintiff, Joe Smith, which count commences as follows: "The plaintiff, Joe Smith, complains of the aforesaid defendants, and alleges that heretofore, etc." This complaint appears to have been carelessly drawn, yet under the pleadings in the case the amendment was not a departure. It has been held that an amendment, striking out the name of a nominal plaintiff or inserting the name of a nominal plaintiff, is allowable.

In the case *Howland v. Wallace*, 81 Ala. 238, 2 South. 96, Chief Justice STONE said: "Infancy * * * is not a defense in bar of the action. It must be pleaded in abatement. * * * And under our liberal system of amendments, if this defense

[Smith v. Yearwood, et al.]

had been properly interposed, an amendment by introducing a next friend would have been allowable."

(1) Section 2490 of the Code of 1907 is as follows: "In all cases where suits are brought in the name of the person having the legal right for the use of another, the beneficiary must be considered as the sole party on the record."

The name of the plaintiff is stated in the caption of the original complaint, and referred to in counts 1 and 2 thereof. It was a suit in the name of Mrs. Houston Smith, the nominal plaintiff, for the benefit of Joe Smith, the real plaintiff. The beneficiary is the sole party on the record, and such a complaint can be amended by adding or striking out the nominal plaintiff.—*Harris v. Plant,* 31 Ala. 639; *Amer. Un. Tel. Co. v. Daughtery,* 89 Ala. 191; 7 South. 660; *Southern Ry. Co. v. Brewster,* 9 Ala. App. 597, 63 South. 790; *Ex parte Nicrosi,* 103 Ala. 104, 15 South. 507; *Cowan v. Campbell,* 131 Ala. 211, 31 South. 429; *Manistee Mill Co. v. Hobdy,* 165 Ala. 411, 15 South. 507.

(2) It appears from the bill of exceptions in this case that after the court had charged the jury, and just before it had given the affirmative charge for the defendants, the plaintiff asked leave to amend the complaint by striking out the name of Mrs. Houston Smith, as next friend, and leaving Joe Smith as the sole party plaintiff. It had been shown by the evidence that Joe Smith had become of age since the institution of the suit and prior to the date of the trial.—*Campbell v. Bowne,* 5 Paige Ch. (N. Y.) 34; *Tucker v. Wilson,* 68 Miss. 698, 9 South. 898; *Hamlin v. Stevenson,* 34 Ky. 597. The court declined to allow the amendment, on the ground that it came too late, and then read the affirmative charge to the jury.

The court was in error in not allowing this amendment.— Code 1907, §§ 5367, 5369; *Mahan v. Smitherman,* 71 Ala. 565; *L. & N. R. R. Co. v. Markee,* 103 Ala. 160, 15 South. 511, 49 Am. St. Rep. 21; *Hanchey v. Brunson,* 181 Ala. 453, 61 South. 258.

In the recent case of *King v. Gray,* 189 Ala. 686, 66 South. 643, this court said: "Undoubtedly the offer to amend came at a very late stage of the trial, viz., just before the jury retired. This situation may have called for terms from the trial judge, but it did not destroy the right of the plaintiff to his amendment."

(3) The record proper fails to set out the judgment of the lower court on the motion for a new trial; therefore this court

[Straughn v. Brake.]

cannot review the same.—*Southern Ry. Co. v. Nelson,* 148 Ala. 88, 41 South. 1006; *Stokes v. Hinton, infra,* 72 South. 503.

The judgment is reversed, and the cause is remanded. Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.