## Robinson Lumber Co. *v.* Sager.

**Assumpsit.**

(Decided April 19, 1917.  75 South. 309.)

1. **Parties; Change of Parties; Nominal Parties.**—It is not error to allow a complaint containing a common count for work and labor to be amended by introducing a nominal plaintiff, suing for the use of the original plaintiff; the usee being throughout the trial sole party plaintiff.

2. **Contracts; Express Contracts; Implied Contracts.**—The existence of an express contract precludes the legal implication of an obligation by a third party with respect to the same subject-matter.

APPEAL from Elmore Circuit Court.

Heard before Hon. W. W. PEARSON.

Assumpsit by J. A. Sager against the Robinson Lumber Company. Plaintiff had judgment in the justice court and also in the circuit court on appeal and defendant appeals therefrom. Reversed and remanded.

Transferred from the Court of Appeals under Acts 1911, p. 450.

FRANK W. LULL for appellant.  J. M. HOLLEY for appellee.

McCLELLAN, J.—This suit was begun in a justice's court, by Sager against the Robinson Lumber Company, the trade-name in which W. C. Robinson conducted his lumber business, and was carried by appeal to the circuit court. The complaint in the circuit court contained the single common count, which claimed as for work and labor done by the plaintiff for the defendant.

(1) During the trial the plaintiff was permitted, over defendant's objection, to amend the complaint by introducing W. C.

[Love, et al. v. Lee.]

Bullard as the nominal plaintiff, suing for the use of Sager. There was no error in allowing this amendment, nor in overruling defendant's objection.—*Smith v. Yearwood,* 197 Ala. 680, 73 South. 384, where the point was ruled against the defendant's (appellant's) contention. The introduction of Bullard did not effect a change of party plaintiff; the usee, Sager, being throughout the real, sole party plaintiff.

(2) From the evidence it appears that the contract for services upon which the plaintiff relies was a contract made with Ballard, not with the defendant. The existence of an express contract, which was here shown, precludes the legal implication of an obligation with respect to the same subject-matter.—*A. G. S. v. Moore,* 109 Ala. 393, 19 South. 804; *Alexander v. Ala. Wes. R. R. Co.,* 179 Ala. 480, 484, 485, 60 South. 295. The plaintiff was not entitled to recover on the common count stated, not having a contractual relation with the defendant, and his services being rendered under such circumstances as forbid recourse to an implied contract.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.