## ILLINOIS STEEL WAREHOUSE COMPANY v. HENNEPIN LUMBER COMPANY AND OTHERS.

### HENNEPIN LUMBER COMPANY, APPELLANT.[1]

May 27, 1921.

No. 22,195.

**Mechanic's lien — distinction between contractor and materialman.**
 1. One who contracts to furnish the steel work for a building and who is required by his contract to "fabricate" a substantial part of it according to the plans and specifications for the building, is a contractor as distinguished from a materialman under the mechanics' lien law.

**Broker and subcontractor.**
 2. That such contractor is a broker, not engaged in that sort of work, and performs his contract through a subcontractor, does not change his relation to the building from that of a contractor to that of a materialman.

**Lien for material furnished second subcontractor.**
 3. One who furnishes material for a building at the instance of a subcontractor in the second degree is entitled to a lien therefor under the statute.

**Findings sustained.**
 4. The evidence sustains the findings of the trial court.

[1]Reported in 182 N. W. 994.

Action in the district court for Ramsey county to recover $457.36 against A. F. Boorman and to foreclose a mechanic's lien for the same. The case was tried before Olin B. Lewis, J., who made findings and ordered judgment in, favor of plaintiff.    From the order, as amended, denying its motion for amended findings and conclusions or for a new trial, Hennepin Lumber Company appealed.    Affirmed.

*Josiah E. Brill,* for appellant.

*Davis, Severance & Morgan,* and *Mead & Bryngelson,* for respondents.

TAYLOR, C.

This is an action to enforce a mechanic's lien against a building in the city of St. Paul belonging to the defendant, Hennepin Lumber Company, known as the Tazewell Apartments. The trial court made findings of fact and conclusions of law, and directed the entry of a judgment establishing the lien and decreeing that the property be sold to satisfy it. The defendant, Hennepin Lumber Company, appeals from an order denying a new trial.

One Wilkinson had charge of the construction of the building for the lumber company, but in what capacity does not appear very clearly and is not very important as his authority is unquestioned. He was designated as the superintendent in charge of the job by the president of the lumber company. He was referred to by another witness as having the contract on a commission basis. Wilkinson made a contract with the Avery Steel Company to furnish the steel work for the building. The Avery Steel Company dealt in structural steel as a broker, and neither manufactured it nor kept it in stock for sale. The Avery Steel Company sublet its contract to furnish the steel work for the building to A. F. Boorman. Boorman had a shop in which he made plate and sheet steel into structural steel of various sorts used in the construction of buildings. He prepared and furnished from his own shop what the parties have termed the "fabricated" steel and purchased the remainder from plaintiff. Plaintiff is a dealer in structural steel, and keeps material in stock in the form of long bars and strips which it cuts into any lengths desired by the purchaser. It cut the steel which it furnished for this building into the lengths required by the plans and specifications and delivered it at the building. The lumber company, by arrangement with

the Avery Company, paid Boorman in full for all the steel furnished for the building and also paid the Avery Company the full balance due that company over and above the amount poid Boorman. Shortly after completing the work, Boorman became insolvent and was adjudged a bankrupt. He had made various payments to plaintiff, but still owed plaintiff for a considerable quantity of the steel furnished for the building. Plaintiff filed a lien against the property for the balance due, and brought this action to enforce it.

Appellant contends:

(1) That Boorman, out of money received from appellant, made payments to plaintiff with instructions to apply them on the purchase price of the steel in question sufficient in amount to pay plaintiff's claim in full if they had been applied as directed, but that plaintiff wrongfully applied them upon other claims which it held against Boorman.

(2) That appellant did not make the final payment to Boorman until advised by plaintiff that it could safely do so, and that plaintiff is now estopped from asserting a lien against the property; and

(3) That plaintiff is not within the class of persons to whom the statute gives a lien.

In respect to the first and second contentions, it is sufficient to say that the court found the facts against the appellant; that the evidence relating thereto is conflicting; and that the findings cannot be disturbed for that reason.

Appellant contends that plaintiff was neither a subcontractor nor a materialman within the meaning of the lien law; that plaintiff was merely a dealer in material who sold articles carried in stock to another dealer who purchased them for the purpose of reselling them; and that under the doctrine of Ryan Drug Co. v. Rowe, 66 Minn. 480, 69 N. W. 468, and Forman v. St. Germain, 81 Minn. 26, 83 N. W. 438, a dealer who sells to another dealer material carried in stock for sale is not entitled to a lien on the building in which the material is used, although the second dealer purchased it for the purpose of furnishing it for use in the construction of that building. If we concede the assumptions of fact, appellant's conclusion is correct.

The statute [G. S. 1913, § 7020], provides that: "Whoever contributes to the improvement of real estate by performing labor, or fur-

nishing skill, material or machinery, * * * whether under a contract with the owner of such real estate or at the instance of any agent, trustee, contractor, or subcontractor of such owner, shall have a lien * * * for the price or value of such contribution."

The contract with the Avery company to furnish the steel work for the building was made by Wilkinson. Whether Wilkinson made this contract as the representative of the lumber company or in his own behalf does not directly appear, but he apparently made it as the representative of the lumber company, for the managing officer of that company referred to him as the superintendent in charge of the job, and that company recognized the contract as its own by itself making all payments provided for therein directly to the Avery Company and Boorman. But if Wilkinson acted in his own behalf, instead of acting in behalf of the owner, it would not change the result under the facts of this case.

That the "fabrication" of the steel as required by the contract involved the doing of work of a character which placed the one who undertook to furnish it, "fabricated" ready for use in the construction of the building, in the class of contractors as distinguished from the class of materialmen within the meaning of the lien law, is not seriously questioned. The claim is that the Avery Company was a materialman because it was a broker and did none of this sort of work, but sublet the contract for doing it to another.

Whether the Avery Company was a contractor or a materialman, within the meaning of the lien law, depends on the nature of the contract which it undertook to perform. It contracted to furnish a substantial part of the steel "fabricated" as required by the plans and specifications. This necessarily required the company to do the work of "fabrication," or cause it to be done, and placed the company in the class of contractors as distinguished from the class of materialmen under the lien law. That the company, instead of performing the contract itself, performed it through a subcontractor did not relieve the company from its obligation to do the "fabricating," nor change its relation to the building from that of a contractor to that of a materialman. It follows that Boorman, to whom the contract was sublet by the Avery Company and who actually performed it, was a subcontractor within the lien law. Pittsburg Plate Glass Co. v. Sisters of S. M. 83 Minn. 29, 85 N. W.

829. Whether he was a subcontractor in the first or second degree is immaterial. Spafford v. Duluth, R. W. & S. Ry. Co. 48 Minn. 515, 51 N. W. 469. Plaintiff having furnished the material in question at the instance of Boorman, a subcontractor, was a materialman within the meaning of the statute and entitled to a lien thereunder.

Order affirmed.