146 So. 408

**AMERICAN EMPLOYERS' INS. CO. OF
BOSTON, MASS., v. LEE & KIN-
CAID COAL CO.**

**6 Div. 7.**

Supreme Court of Alabama.
Jan. 19, 1933.

Rehearing Denied March 9, 1933.

Lange, Simpson & Brantley, of Birmingham, for appellant.

Coleman, Spain, Stewart & Davies, of Birmingham, for appellee.

BOULDIN, Justice.

■ The original party plaintiff was the "United States Fidelity & Guaranty Company, for the use of Lee & Kincaid Coal Company, a corporation." The Lee & Kincaid Company, being the beneficiary, was the real party plaintiff, and not the United States Fidelity & Guaranty Company, although it was an obligee in the bond. The amendment, eliminating the United States Fidelity & Guaranty Company as a party plaintiff, did not operate as an entire change of parties plaintiff, and was properly allowed by the trial court. Smith v. Yearwood, 197 Ala. 680, 682, 73 So. 384, and the statute in many cases there cited; Robinson Lumber Co. v. Sager, 199 Ala. 675, 75 So. 309.

The case of Birmingham Railway, Light & Power Co. v. Aetna Accident & Liability Co., 184 Ala. 601, 606, 64 So. 44, is in no sense in conflict with the foregoing holding. There, the court merely held that the insurance company having paid the claim of the Corey company against the railway company, became the real party in interest, and had the right to amend by making the Corey company a nominal plaintiff with it, the real or beneficial owner of the claim.

On the other hand, even if the bond in this case shows that the United States Fidelity & Guaranty Company was interested, it was not a party to the suit individually, but only as a nominal plaintiff, and the Lee & Kincaid Coal Company being the original plaintiff, the addition of the nominal plaintiff did not work an entire change of parties, as the Lee & Kincaid Coal Company was the real or beneficial party plaintiff both before and after the amendment.

The main question is not one of pleading, but whether plaintiff has a right of action on the bond sued upon.

United States Fidelity & Guaranty Company, as surety for S. C. Taylor, a road contractor under the state highway department, had taken over the completion of the highway project, upon default of said contractor.

Thereupon, the United States Fidelity & Guaranty Company let a contract for the completion of the project to R. S. Taylor, who, as contractor, or subcontractor, executed a fidelity bond with appellant as surety. Plaintiff sues on this latter bond for material and supplies furnished the contractor in the completion of the highway.

Appellant insists this bond was not given for the benefit of materialmen, but as indemnity to the obligee, United States Fidelity & Guaranty Company; that said obligee had executed a bond to the state upon which it was and still is bound for the payment of the demands of all persons for labor and material, including this demand of plaintiff; that the bond now sued on was taken to protect the obligee because of such liability, among others, and not to provide additional security for the protection of materialmen.

It is true the bond executed to the state pursuant to statute was still in force and ef-

## 264

fect, and stood as security for materials furnished R. S. Taylor under the latter contract. United States Fidelity & Guaranty Co. v. Yeilding Bros. Co. Department Stores (Ala. Sup.) 143 So. 176.

While the subject-matter of the later contract was the completion of a highway project pursuant to a contract with the state, it was a contract between private parties, and the bond is to be construed as other contractors' bonds in private undertakings. In Fidelity & Deposit Co. of Baltimore, Md., v. Rainer, 220 Ala. 262, 125 So. 55, 77 A. L. R. 13, this court fully considered the question of liability of sureties on such private construction bonds to suits by materialmen in their own right. See, also, extended note, 77 A. L. R. page 21, et seq.

The bond here sued upon, however, is a special bond framed with regard to the matter in hand, and, in our opinion, is so clear in its own stipulations as to call for no discussion of general principles.

The construction contract entered into with the contractor, R. S. Taylor, stipulated: "7. The Contractor shall execute bond * * * conditioned in favor of the United States Fidelity and Guaranty Company and persons supplying the Contractor with labor, feedstuff, materials and supplies in the execution of the work provided for this contract, so as to protect such parties as fully as the State of Alabama and persons furnishing and supplying labor, materials, feedstuff and supplies are protected on the bond executed by S. C. Taylor and the United States Fidelity and Guaranty Company with the State of Alabama for doing of work under the said contract of October 12, 1927, hereinbefore referred to."

The bond stipulated that a copy of this contract was referred to, attached and made a part of the obligation of the bond.

The general condition of the bond was to "faithfully and promptly perform said contract and all the conditions and requirements thereof."

Another and separate clause reads: "The said principal and sureties agree, as part of this obligation, that such contractor shall promptly make payment to all persons supplying him or them with labor, material, feedstuffs or supplies in execution of the work provided for in such contract, as provided for in Section 28 of the Act of the Legislature approved August 23rd, 1927, and designed as 'The Alabama Highway Code.' "

The bond, of which the quoted stipulation of the contract is part, discloses a clear intent to impose upon the obligors all the obligations which were imposed on the obligee under the bond given by the obligee to the state. This, not only as to obligations running to the promisee, but as to obligations running to materialmen. In brief, the mani-

fest purpose was to provide by contract a bond to the United States Fidelity & Guaranty Company of the same obligations, and to the same persons, as the statutory bond imposed upon such company. This statutory bond, by the terms of the statute referred to in the bond in suit, gives a right of action directly to materialmen.

The special procedure under state contracts is wholly inapplicable to bonds of the class before us. It is the obligation of such bond, not the procedure for enforcement of such obligation, which is written into the bond in suit. Plaintiff was entitled to maintain an action thereon in its own name.

Since, by the terms of this bond, materialmen were given all the protection provided in a statutory bond, this protection extended to persons furnishing material to a subcontractor. United States Fidelity & Guaranty Co. v. Benson Hardware Co., 222 Ala. 429, 132 So. 622.

Pleas alleging that after the entering into the bond, the principal, the contractor, with the consent of the obligee, assigned the contract to a corporation, which undertook the completion of the project, without the assent of the surety, but not alleging any release of the principal in the bond from his obligation, as contractor and principal in the bond, show no more than a subcontracting, in so far as affects the rights of materialmen on the bond. It may be conceded the obligee and principal cannot bind the surety to a new contract with a third party to do the work, releasing the principal, but holding his surety. But where, as here, the pleas show no more than a subcontract to the corporation Taylor Construction Company, demurrers thereto were properly sustained by the trial court.

Certain pleas sought to set up fraud on the part of the obligee in the bond in the procurement of the contract of suretyship; fraud directed toward the surety inducing it to become surety for R. S. Taylor.

Fraud on the part of the promisee in procuring a contract for the benefit of third persons, as available in defense of suits by such persons, may turn on many conditions which we need not here discuss.

In ordinary cases of debtor and creditor, where the rights of the creditor are wholly derivative, arise from contract between the promisor and promisee only, the creditor parting with nothing, we have declared that all defenses are available against the third party which would be available against the promisee, unless and until the third party has changed his position for the worse. John F. Clark & Co. v. Nelson, 216 Ala. 199, 112 So. 819, 53 A. L. R. 173. See, also, Georgia Home Ins. Co. v. Boykin, 137 Ala. 350, 34 So. 1012.

Bonds made a part of construction contracts of this sort furnish a continuing basis

of credit on behalf of materialmen. Whether a rescission and cancellation of such bonds for fraud on the part of the obligee is limited to a proceeding in equity, we need not consider.

A materialman, not a party to the fraud, who furnishes material on the basis of credit thus provided, is not in the position of a mere donee. The general principles of law forbidding a defense of fraud as against third parties, who, in good faith, have acquired rights thereunder while the contract was in being, must be applied.

Where the complaint discloses a cause of action, duly acquired under the bond, a plea of fraud as against plaintiff must set forth facts showing his connection with the fraud, or from which he is chargeable with the fraud of the promisee. A mere averment in general terms that the surety rescinded the contract within a reasonable time after the discovery of the fraud is insufficient. If fraud was sufficiently averred as against the promisee, for aught appearing the rescission was made after the material was furnished by plaintiff in good faith. Without dealing with other features of the pleas of fraud, the demurrers thereto were properly sustained on the grounds stated.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER. JJ., concur.