**CITY OF PURCELL, a Municipal Corporation, Plaintiff,**

v.

**MERCO MANUFACTURING, INC., a corporation, and Aztec Construction Company, a corporation, Defendants.**

**AZTEC CONSTRUCTION COMPANY, Inc., a corporation, Third-Party Plaintiff,**

v.

**Jack CONLEY, Bill G. Hale, and Lloyd Ruby, Third-Party Defendants.**

**No. 70–471.**

United States District Court,
W. D. Oklahoma,
Civil Division.

March 23, 1971.

Thomas G. Smith, Purcell, Okl., for plaintiff.

William N. Christian, Oklahoma City, Okl. (Aztec), Grey W. Satterfield, Oklahoma City, Okl. (Merco), Val R. Miller, Oklahoma City, Okl. (Conley, Hale & Ruby), Nelson, Montgomery & Robertson (Conley, Hale & Ruby), Wichita Falls, Tex., for defendants.

## ORDER

DAUGHERTY, District Judge.

This controversy involves funds withheld by Plaintiff from its prime contractor as a result of conflicting claims made thereon by the prime contractor, Aztec Construction Company (Aztec), and a supplier of materials, Merco Manufacturing, Inc. (Merco), used by Aztec in the performance of its contract with Plaintiff. Merco supplied the materials, consisting principally of structural steel, to Mac Steel, Inc. (Mac), which under a contract with Aztec performed various fabrication operations thereon before the steel was installed in the construction project by Aztec. Aztec paid Mac, but Mac failed to pay Merco and has since been adjudicated a bankrupt. Plaintiff initiated litigation by interpleading Aztec and Merco and depositing the disputed funds held by it in the Court registry. Merco cross-claimed against Aztec and both Merco and Aztec have now moved for summary judgment, which Motions the Court now has under consideration.

Merco's Cross-claim against Aztec alleges the existence of a statutory bond (61 Okl.St.Ann. 1) covering the obligations of Aztec and its subcontractors. Merco's basis of recovery is Aztec's obligation under the statutory bond to pay for materials supplied to it or its subcontractors. Aztec's Answer sets up as defenses that Merco was a joint venturer with Mac and thus has been fully paid, that Aztec has no privity of contract with Merco, that Merco is without the protection of the bond, and that Merco stands in the place of Mac and cannot recover because Mac would not be entitled to do so, not having qualified to do business in Oklahoma. While the parties in briefs contend that the Court should confine its consideration only to the last issue, the Court has concluded that this issue is in no way dispositive of the real issues, that is, whether Mac is a subcontractor under 61 Okl.St.Ann. 1 and whether Aztec's statutory bond covers Merco's claim.

With respect to the alleged joint venture between Merco and Mac, Merco denies its existence and supports its denial with the affidavit of one of its officers. Aztec offers nothing to rebut Merco's denial nor the affidavit in support thereof. The Court thus concludes on the basis of the pleadings and the above-mentioned affidavit that no joint venture existed between Merco and Mac.

With respect to privity of contract, it is obvious on the face of the pleadings that there is no privity of contract between Aztec and Merco. However, such fact is entirely irrelevant to the issue of Aztec's liability under its statutory bond to Merco, whose status in this case is that of a third party beneficiary thereunder.

As to the matter of statutory bond coverage, Merco stands in the same position as did the plaintiffs in Standard Accident Ins. Co. v. Basolo, 180 Okl. 261, 68 P.2d 804 (1937) and Standard Accident Ins. Co. v. Deep Rock Oil Corporation, 180 Okl. 260, 68 P.2d 808 (1937). In the first of the cited cases, the plaintiff presented claims for unpaid wages of employees of a company which had contracted to furnish the prime contractor sand and gravel at a specified rate. The court held that the company furnishing the sand for the public project was a subcontractor and thus that its unpaid employees were within the protection of the statutory bond (61 Okl. St.Ann. 1). In the second of the cited cases, the plaintiff had furnished oil and gas to the subcontractor of the previous

case which was used in producing and furnishing the sand and was allowed to recover therefor.

Merco's Cross-claim alleges that the steel involved herein was furnished by it to Mac for use in the job which was the subject of the prime contract, and taking Aztec's Answer and First Amended Answer thereto as a whole, the Court concludes that Aztec admits that the steel was furnished for use on the public project covered by the statutory bond. Under the holding of the above cases, it follows that Mac was a subcontractor and indebted to Merco.

61 Okl.St.Ann. 1 provides that the " * * * contractor or * * * contractors (Aztec) shall pay all indebtedness incurred by such contractors (Aztec) or their subcontractors (Mac) who perform work in the performance of such contract, for labor and materials * * * used and consumed in the performance of said contract. (Merco)" Mac was a subcontractor under the rule of the above cases, and while the bond given here gave more coverage than that required by the statute (coverage was extended to " * * * all persons, firms, subcontractors, and corporations furnishing materials * * *"), it is clear that Merco's claim falls within the provisions of the statute, it being an indebtedness of a subcontractor.

Aztec's only claim in support of its Motion For Summary Judgment is that Merco is the assignee and stands in the place of Mac with respect to its claim, and as Mac was not qualified to do business in Oklahoma, Merco is barred from maintaining suit in this state by virtue of 18 Okl.St.Ann. § 1.-201. Apparently, Aztec's claim of assignment relates to an assignment by operation of law as the Court can find nothing in the files and records of the case even remotely suggesting that an actual assignment was in fact made. In addition, as Mac has been paid, it had nothing to assign. Aztec's theory of assignment is incomprehensible to the Court. All the authorities cited by Aztec have to do with express assignments and no authority is cited to the Court to support a theory of assignment by operation of law, nor has the Court found any such authority. The Court concludes that the fact of Mac's failure to qualify to do business in Oklahoma is wholly irrelevant to the issues herein and does not constitute a defense to Merco's claim. Even had Aztec raised the defense of nondomestication directly against Merco, such defense would not have been valid in the circumstances of this case. See Dime Savings & Trust Co. v. Humphreys, 175 Okl. 497, 53 P.2d 665 (1936) and J. P. Bledsoe & Son v. W. B. Young Supply Co., 44 Okl. 609, 145 P. 1125 (1915). None of Aztec's defenses as set out in its Answer to Merco's Cross-claim are valid and Aztec's Motion For Summary Judgment should be overruled.

Merco's basis for recovery is Aztec's statutory bond which the Court has determined extends to and covers the indebtedness of Mac to Merco. Aztec admits the existence of the statutory bond by its Answer and offers nothing to dispute the genuineness of the copy of the bond attached to Merco's Motion For Summary Judgment. Therefore, Merco's Motion should be granted.

The Motion For Summary Judgment of Defendant Aztec Construction Company is overruled and the Motion For Summary Judgment of Defendant Merco Manufacturing, Inc. is granted. Counsel for Defendant Merco Manufacturing, Inc. is requested to prepare an Order directing the Clerk of the Court to disburse the funds held in the registry of the Court to it and to submit the same to the Court within fifteen (15) days of the date hereof.