253 So.2d 35

### STATE BOARD OF OPTOMETRY

#### v.

### LEE OPTICAL COMPANY OF ALABAMA, INC., a Corporation, d/b/a Douglas Optical et al.

#### I Div. 673.

Supreme Court of Alabama.

Sept. 23, 1971.

Howell, Johnston, Langford & Finkbohner, Mobile, Douglas E. Bergman, Bergman & Hicks, Dallas, Tex., for appellees.

Gary P. Alidor, Mobile, for appellant.

**530**

BLOODWORTH, Justice.

The question on this appeal is whether there was a complete change of parties when a bill of complaint styled the "State of Alabama ex rel State Board of Optometry" was amended to make "State Board of Optometry" the sole complainant.

We conclude that this question must be answered in the negative and that the decree of the circuit court in holding to the contrary and in dismissing the bill was in error and must be reversed.

The original bill was filed November 9, 1965 and was styled "State Board of Optometry, Complainant v. Lee Optical Company of Alabama, Inc. * * *" et al., Respondents. It sought to enjoin respondents "from the unlawful practice of optometry." Respondents demurred to this bill. Among the grounds advanced was that the Board was not a legal entity capable of fil-

ing suit in its own name. Demurrer was sustained by the trial court although no reason for its decision appears in its decree. By amendment, the "State of Alabama ex rel State Board of Optometry" was made the complainant. Respondents again demurred contending that the amendment substituted the State of Alabama for the Board as complainant and thereby worked a complete change of parties. On September 16, 1966, the trial court sustained the demurrer without giving any reason for its decision. Complainant made no attempt to amend again until after the legislature passed Act No. 509, approved September 7, 1967, Acts of Alabama 1967, Vol. II, page 1225 (Title 7, § 1063(1), Code of Alabama 1940, as amended).[1] Then, on January 13, 1970, the complainant again amended striking the caption and substituting "State Board of Optometry" (the original complainant) as the complainant in the amended bill. Motion to dismiss the bill on grounds that this amendment worked a complete change of parties was granted by the trial court and a final decree was entered, dismissing the bill of complaint. The decree states that "* * * the Amendment works a complete change of parties * * *." It is from this decree that the appeal is taken.

The position of appellees (respondents) may be summarized as follows. The State of Alabama and the State Board of Optometry are separate and distinct entities and therefore constitute two completely different parties to this suit. The first amendment entirely removed the Board from the suit and substituted in its place the State of Alabama, working a complete change of parties. The second amendment eliminated the State as a party and substituted the Board, working a second complete change of parties.

---

[1]. Under this act "the State Board of Optometry and similar regulating bodies [are given] the right to institute proceedings in the courts of this state to enjoin persons and corporations from the 'unauthorized or unlawful practice of any profession, occupation, or calling.'" State Board of Optometry v. Lee Optical Co. of Ala., 284 Ala. 562, 564, 226 So.2d 623, 625 (1969). (The retrospective application of this statute was there upheld.)

We cannot agree with appellees' contentions. In the first place, the propriety of the *first amendment* is not before us. We are concerned solely with whether the trial court's decree was correct in dismissing the bill because the *second amendment* worked a complete change of parties.

We thus consider if striking the caption "State ex rel" etc., and substituting "State Board of Optometry" worked a complete change of parties.

 In cases where suit is brought by a nominal party for the benefit of another party, the beneficiary is the real party in interest and must be considered the sole party of record. Title 7, § 127, Code of Alabama 1940; Smith v. Yearwood, 197 Ala. 680, 73 So. 384 (1916); Robinson Lumber Co. v. Sager, 199 Ala. 675, 75 So. 309 (1917); Alabama Power Co. v. Hamilton, 201 Ala. 62, 77 So. 356 (1917); Alabama Water Co. v. City of Jasper, 211 Ala. 280, 100 So. 486 (1924).

In quo warranto actions the rule is established that where suit is brought by the State on relation of another party, it is the relator and not the State who is the real party in interest.

"* * * The use of the name of the State is more or less a formality. The State is without interest and only a formal party to the cause (State ex rel. Chilton County v. Butler, supra [225 Ala. 191, 142 So. 531]; 51 C.J. 334). * * *" Baxter v. State ex rel Metcalf, 243 Ala. 120, 9 So.2d 119 (1942).

It is also well settled that an amendment adding or striking a nominal party will not work a complete change of parties, as long as the real party in interest remains in the suit. American Employers' Ins. Co. of Boston, Mass. v. Lee and Kincaid Coal Co., 226 Ala. 262, 146 So. 408 (1933); Alabama Power Co. v. Hamilton, supra; Smith v. Yearwood, supra; see also, Wynn v. Hoffman, 203 Ala. 72, 82 So. 32 (1919).

We conclude that the Board of Optometry was the real party in interest and the sole party of record, the State being merely a nominal or formal party. Therefore, the effect of the second amendment, the propriety of which is the subject of this appeal, was merely to strike the nominal party.

The Board of Optometry, as the real party in interest remained as a party, and by authority of Act No. 509, supra (now Title 7, § 1063(1), Code of Alabama 1940, as amended), may now proceed as complainant in its own name.

In dismissing this bill the trial court was in error. This cause is therefore reversed and remanded to the circuit court of Mobile County, in equity.

Reversed and remanded.

HEFLIN, C. J., and SIMPSON, COLEMAN and McCALL, JJ., concur.